SOUTHERN RAILWAY v. CITY OF RALEIGH

No. 7010SC329

(Filed 26 August 1970)

1. Municipal Corporations § 24— railroad right-of-way property — exemption from local improvement assessments

G.S. 160-521 prohibits defendant municipality from imposing assessments for street paving upon abutting railroad right-of-way property on which no building is located.

2. Statutes §§ 5, 11— special or local act — subsequent general act — legislative intent

A special or local act must yield to a later general or broad act where there is a manifest legislative intent that the general act shall be of universal application notwithstanding the prior or special act.

3. Municipal Corporations § 24— railroad right-of-way property — exemption from local improvement assessments by G.S. 160-521 — conflicting municipal charter provisions

The language employed by the Legislature in G.S. 160-521 clearly manifests that it be of general application; consequently, the statute applies to prohibit a municipality from imposing an assessment for street paving on railroad right-of-way property on which no building is located notwithstanding provisions of the municipal charter require abutting property owners to pay the entire cost of street improvements.

4. Municipal Corporations § 24; Taxation § 19— statute exempting railroad right-of-way property from local improvement assessments — constitutionality

Statute exempting railroad right-of-way property from assessment for local improvements is not unconstitutional on the ground it was not authorized by Article V, §§ 3 and 5 of the Constitution of North Carolina, those sections dealing with the power of taxation and not with assessments for local improvements.

5. Municipal Corporations § 24— property benefited by local improvements — legislative determination

The Legislature has the power to determine what property is and what property is not benefited by local improvements, and such legislative declaration is conclusive in the absence of arbitrary action.

R. R. Co. v. City of Raleigh

6. **Municipal Corporations § 24— statute exempting railroad right-of-way property from local improvement assessments — validity**

    The General Assembly did not act arbitrarily when, by enactment of G.S. Ch. 160, Art. 42, it determined that railroad right-of-way property on which there is located a main line or through railroad track or tracks and on which no building is located was not benefited by and should not be assessed for certain local improvements.

7. **Municipal Corporations § 25— evidence that railroad's property not benefited by local improvements — irrelevancy — prejudice**

    Even if evidence that railroad's property was not benefited by local improvements be considered irrelevant in view of court's holding that legislative determination of the matter was valid and controlling, the admission of such evidence was not prejudicial to defendant municipality.

APPEAL by defendant from *Bailey, J.,* February 1970 Session of WAKE Superior Court.

Southern Railway Company (Southern) leases from North Carolina Railroad Company, under a long-term lease, a right-of-way for railroad purposes over which it maintains its main line track running from Goldsboro to Greensboro. South Blount Street in Raleigh crosses this right-of-way. At this location the railroad right-of-way extends 100 feet on either side of the center line of the railroad's main line track. There is no building on the portion of the railroad right-of-way with which this litigation is concerned.

In August, 1965, the Raleigh City Council, acting under a section of its City Charter (Sec. 105, Chap. 1184, 1949 Session Laws), adopted a resolution, without petition of property owners, authorizing the paving of South Blount Street and directing that the entire cost of the improvement be assessed against abutting property owners. The paving was done in 1966, and in March, 1967, the City Council adopted a resolution confirming the assessment roll, which included assessments against lots over which Southern leases its right-of-way. Southern appealed the assessments to the Superior Court of Wake County, where the City's motion to dismiss the appeal was denied by order of Judge McKinnon dated 8 April 1969. The matter came on for hearing before Judge Bailey on 27 February 1970, the parties agreeing that it might be heard by the court without a jury. After hearing evidence and receiving a stipulation of the parties, the court entered judgment finding the following facts:

"1.    The railroad right-of-way property of the plaintiff, not having a building on it nor used for any purpose

other than a right-of-way for the track running through the property as stipulated to by the parties, is not benefited by the paving done by the defendant, City of Raleigh;

"2.   Article 42 of Chapter 160 of the General Statutes of North Carolina applies to the paving assessments in this case; and

"3.   Said Article is not unconstitutional or otherwise invalid."

On these findings the court adjudged and decreed that the paving assessments by the City against Southern in this case "are unauthorized, illegal and unlawful" and ordered the assessments canceled. From this judgment the City of Raleigh appealed.

*Joyner & Howison, by W. T. Joyner, Jr., for plaintiff appellee.*

*Donald L. Smith and Broxie J. Nelson for defendant appellant.*

PARKER, J.

Effective 8 June 1965 the General Assembly enacted Article 42 of Chapter 160 of the General Statutes, which reads as follows:

"Article 42

"Assessments Against Railroads

"Sec. 160-520.   Definitions. For the purposes of this subchapter the following definitions shall be applicable:

" (1)   The term 'local improvement' shall include sidewalk improvements and street improvements as those terms are defined in G.S. 160-78 and shall include the laying, installing, improving, enlarging, altering or repairing of any sewer or water line or system.

" (2)   The term 'right of way' shall mean any land or interest in land owned, leased or controlled by a railroad company on which there is located a main line or through railroad track or tracks together with adjoining land owned, leased or controlled by such railroad company within 100 feet of the center line of such track or tracks.

"Sec. 160-521.   Power to Assess for Local Improvements. No municipality shall assess any railroad company

on account of any local improvement made on or abutting railroad right of way unless there is a building on such right of way owned, leased or controlled by the railroad, in which event the front footage to be used as a basis for such assessment against the railroad shall be the actual front footage occupied by such building plus 25 feet on each side thereof, but not to exceed the amount of land owned, leased or controlled by the railroad. In the event a building is placed on such property by the railroad subsequent to the time a local improvement is made, then the railroad company shall be subject to an assessment without interest on the same basis as if the building had been located on the property at the time the local improvement was made."

[1] These statutes were in effect at all times pertinent to this litigation. The parties have stipulated and the trial court has found that there is no building on the railroad right-of-way here involved. Therefore, the language of G.S. 160-521 applies to the factual situation here presented and prohibits the defendant City from making the contested assessments against plaintiff railroad.

[2, 3] There is no merit in the City's contention that G.S. 160-521 does not apply because it conflicts with the provisions of the City Charter (Sec. 105, Chap. 1184, 1949 Session Laws) under which the assessments were made and which required the abutting property owners to pay the entire cost of street improvements. In support of this contention the City cites the general rule that a special or local statute is not repealed by a subsequent general statute of statewide application. However, "[t]he question is always one of legislative intention, and the special or specific act must yield to the later general or broad act, where there is a manifest legislative intent that the general act shall be of universal application notwithstanding the prior special or specific act." 50 Am. Jur., Statutes, § 564, p. 565. In this case it is our opinion, and we so hold, that the language employed by the Legislature in G.S. 160-521 does clearly manifest a legislative intent that it be of general application. Accordingly, we hold that G.S. 160-521 applies to prohibit the assessments here contested.

[4-6] We also find no merit in appellant's contention that G.S. 160-521 is unconstitutional because not authorized by Article V, Sections 3 and 5, of the Constitution of North Carolina. These sections deal with the power of taxation. We are not here con-

cerned with a tax but with an assessment for a local improvement, and our Supreme Court has recognized a distinction between the two. In *Tarboro v. Forbes,* 185 N.C. 59, 61, 116 S.E. 81, 82, the law is stated as follows:

> "But there is a distinction between local assessments for public improvements and taxes levied for purposes of general revenue. It is true that local assessments may be a species of tax, and that the authority to levy them is generally referred to the taxing power, but they are not taxes within the meaning of that term as generally understood in constitutional restrictions and exemptions. They are not levied and collected as a contribution to the maintenance of the general government, but are made a charge upon property on which are conferred benefits entirely different from those received by the general public. They are not imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue, but upon a limited class in return for a special benefit. These assessments, it has been suggested, proceed upon the theory that when a local improvement enhances the value of neighboring property, it is reasonable and competent for the Legislature to provide that such property shall pay for the improvement."

Our Supreme Court has also recognized the power of the Legislature to determine by statute what property is benefited by local improvements, *Goldsboro v. R.R.,* 241 N.C. 216, 85 S.E. 2d 125; *Gunter v. Sanford,* 186 N.C. 452, 120 S.E. 41, and has recognized that the legislative declaration on the subject, in the absence of arbitrary action, is conclusive. *Kinston v. R.R.,* 183 N.C. 14, 110 S.E. 645. The recognition of the legislative power to determine what property is benefited by local improvements implies a recognition of the corollary power to determine what property is not benefited by such improvements. This, in effect, is what the General Assembly did when it enacted Article 42 of Chapter 160 of the General Statutes. In view of the peculiar nature of railroad right-of-way property "on which there is located a main line or through railroad track or tracks," as defined in G.S. 160-520, and on which no building is located, it is difficult to see how such property would in fact be benefited by the local improvements referred to. It is our opinion, and we so hold, that the General Assembly did not act arbitrarily when, by enactment of Article 42 of Chapter 160 of the General Statutes, it determined that such railroad right-of-way property was

not benefited by and should not be assessed for the described local improvements.

[7] Appellant assigns as error the admission of certain evidence, over its objection, which tended to show that the plaintiff's property was not benefited by the local improvements here involved. Even if, in view of our holding that the legislative determination on the matter was valid and controlling, such evidence be considered irrelevant, its admission could not have prejudiced the appellant, and the assignments of error directed to the admission of evidence are overruled.

The judgment appealed from is

Affirmed.

CAMPBELL and VAUGHN, JJ., concur.