SOUTHERN RAILWAY COMPANY v. CITY OF RALEIGH

No. 56

(Filed 20 January 1971)

1. Municipal Corporations § 24— purpose of street assessment

The dominant purpose of a street assessment is not to require a property owner to pay the cost of a public improvement, but rather to require the owner to reimburse the city for an expenditure which enhanced the value of his property.

2. Municipal Corporations § 24— local improvement assessments — exemption of vacant railroad right-of-way property — conflicting city charter provisions

The purpose of Ch. 839, Session Laws of 1965, was to withdraw from municipalities the right to levy an assessment against vacant city lots over which railroads operate their trains, and municipal charter provisions which authorize such an assessment must yield to Chapter 839.

3. **Municipal Corporations § 24— property benefited by local improvements — legislative determination**

The right of the Legislature to determine what property is benefited by a street improvement includes the right to determine what property is not benefited thereby.

4. **Municipal Corporations § 24— exemption of vacant railroad right-of-way property from local improvement assessments — power of legislature**

The General Assembly acted within its constitutional power in providing that a municipality shall not assess railroad right-of-way property for local improvements "unless there is a building on such right-of-way." G.S. 160-521.

Justice MOORE did not participate in the consideration or decision of this case.

APPEAL by defendant from *Bailey, J.,* February 2, 1970 Session, WAKE Superior Court.

This proceeding involves the validity of a street assessment in the sum of $6,713.32 levied by the City of Raleigh against the Southern Railway Company for the cost of paving that part of Blount Street which borders on plaintiff's lots Nos. 4, 12 and 13 in the City of Raleigh. The Southern Railway Company appealed from the assessment. The parties stipulated certain facts, waived a jury trial and consented for the Court to try the case.

After hearing, Judge Bailey on March 3, 1970 found these facts:

"1. The railroad right-of-way property of the plaintiff, not having a building on it nor used for any purpose other than a right-of-way for the track running through the property as stipulated to by the parties, is not benefited by the paving done by the defendant, City of Raleigh.

2. Article 42 of Chapter 160 of the General Statutes of North Carolina applies to the paving assessments in this case; and

3. Said Article is not unconstitutional or otherwise invalid."

Based on the findings the Court concluded:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the paving assessments by the defendant, City of Raleigh, against the plaintiff, Southern Railway Com-

pany, in this case are unauthorized, illegal and unlawful and and that the assessments be and they hereby are cancelled."

The North Carolina Court of Appeals affirmed the judgment. The defendant, as provided in G.S. 7A-30(1), appealed to the Supreme Court.

*Donald L. Smith and Broxie J. Nelson by Donald L. Smith Attorney for the City of Raleigh for the defendant appellant.*

*Joyner & Howison by W. T. Joyner, W. T. Joyner, Jr., James M. Kimzey for the plaintiff appellee.*

HIGGINS, Justice

The pertinent facts and the rules of law applicable to them are accurately stated in the opinion of the Court of Appeals. (9 N.C. App. 305). On the appeal here, the City of Raleigh has urgently contended: (1) Chapter 839, Session Laws of 1965 is a general law and does not repeal Raleigh's Charter provisions which authorize the City to assess against plaintiff's right-of-way lots Nos. 4, 12 and 13 the cost of paving South Blount Street; and (2) the Legislature is without constitutional authority to exempt the plaintiff's right-of-way property from the paving assessment, citing as authority the case of *Cemetery Association v. Raleigh*, 235 N.C. 509, 70 S.E. 2d 506.

Prior to the enactment of Chapter 839, Raleigh's Charter provisions authorized the assessment. Chapter 839 provides:

"No municipality shall assess any railroad company on account of any local improvement made on or abutting railroad right of way unless there is a building on such right of way owned, leased or controlled by the railroad, in which event the front footage to be used as a basis for such assessment against the railroad shall be the actual front footage occupied by such building plus 25 feet on each side thereof, but not to exceed the amount of land owned, leased or controlled by the railroad. In the event a building is placed on such property by the railroad subsequent to the time a local improvement is made, then the railroad company shall be subject to an assessment without interest on the same basis as if the building had been located on the property at the time the local improvement was made." Session Laws of 1965, page 1129.

[1] The dominant purpose of a street assessment is not to require a property owner to pay the cost of a public improvement, but rather to require the owner to reimburse the city for an expenditure which enhanced the value of his property.

[2] A street pavement adjacent to a railroad right-of-way ordinarily would not increase the value of the right-of-way for railway purposes. A street pavement would increase the value of a building by adding to its availability for profitable uses. Hence the municipality may assess the cost of paving frontage occupied by a building, as provided in Chapter 839. The only purpose of the Act was to withdraw from municipalities the right to levy an assessment against vacant city lots over which railroads operate their trains. The language of the Act is plain, and does not require interpretation. Raleigh's Charter provisions must give way to Chapter 839.

> "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language . . . used . . . . The courts have no function of legislation and simply seek to ascertain the will of the Legislature." *Unemployment Compensation Commission v. Insurance Company,* 215 N.C. 479, 2 S.E. 2d 584. "A general legislative enactment will not ordinarily be construed by the court to repeal by implication an existing particular Statute or one local in its application; but where it is plainly manifest from the terms of the general law that such was the intention of the Legislature, the intent so found will prevail and effect a repeal of the special statute, when in conflict therewith." *State v. Johnson,* 170 N.C. 685, 86 S.E. 788. See also *Felmet v. Commissioner,* 186 N.C. 251, 119 S.E. 353. "As a rule, apparent inconsistencies . . . should be reconciled so as to make all effective, if possible . . . . Of course if a later is so repugnant to a prior act that the two cannot be reconciled the later act prevails . . . . " *Hammond v. Charlotte,* 205 N.C. 469, 171 S.E. 612.

The authorities in this State held that "local assessments may be a species of tax . . . but they are not taxes within the meaning of the term as generally understood in constitutional restrictions and exemptions. . . . These assessments . . . proceed upon the theory that when a local improvement enhances the value of neighboring property, it is reasonable and competent

R. R. Co. v. City of Raleigh

for the Legislature to provide that such property shall pay for the improvement." *Tarboro v. Forbes* 185 N.C. 59 (citing many authorities).

"§ 21. The general rule is that a special or local assessment is justified and authorized by, and is unconstitutional and invalid without, a special benefit to the property assessed, resulting from a special or local public improvement. The assessment is regarded as compensation for such special benefit . . . "

"§ 29. The question of the existence and extent of special benefit resulting from a public improvement for which a special assessment is made is one of fact, legislative or administrative rather than judicial in character, and the determination of such question by the legislature or by the body authorized to act in the premises is conclusive on the property owners and on the courts, unless it is palpably arbitrary or grossly unequal and confiscatory, in which case judicial relief may be had against its enforcement." 48 Am. Jur. SPECIAL OR LOCAL ASSESSMENTS § 21 and § 29. See also *Raleigh v. Mercer*, 271 N.C. 114 (citing many cases).

[3, 4] The right of the Legislature to determine what property is benefited by a street improvement includes the right to determine what property is not benefited thereby. The right to include involves the right to exclude. The General Assembly by providing that a municipality shall not assess railroad right-of-way property for local improvement "unless there is a building on such right-of-way" acted within its power. Neither *Cemetery Association v. Raleigh, supra,* nor the cases therein cited, mitigate against this conclusion.

The decision of the Court of Appeals is

Affirmed.

Justice MOORE did not participate in the consideration or decision of this case.