CITY OF DURHAM v. W. Y. MANSON AND WIFE, PATRICIA S. MANSON; DAVID S. EVANS, TRUSTEE; WACHOVIA BANK AND TRUST COMPANY, N. A.; MARY JOHNSON LIVENGOOD (WIDOW); AND HELEN JOHNSON BUGG AND HUSBAND, E. B. BUGG

No. 25

(Filed 10 October 1974)

1. **Appeal and Error § 3— constitutional question — no ruling by trial court — consideration on appeal**

   Where the trial court specifically reserved decision on the question of the constitutionality of Chapter 506 of the Session Laws of 1967 which incorporated the "quick-take" condemnation procedure, that question was not properly before the Court of Appeals, and it was error for the Court to pass upon the constitutionality of the Chapter.

2. **Statutes § 11— passage of general act — effect on prior local act**

   A legislative act of local application is repealed only when a subsequent act of general application clearly expresses such an intent.

3. **Eminent Domain § 7; Statutes § 11— passage of general act — effect on part of city charter**

   The specific legislative intent of Chapter 160A was not to repeal local acts by implication but to save them; therefore, Chapter 506 which included the "quick take" condemnation procedure and which became a part of the Charter of the City of Durham, was not repealed by Chapter 160A.

4. **Eminent Domain §§ 7, 15— time of taking — determination of compensation due**

   Title to the property in question in this eminent domain proceeding vested in plaintiff on the date on which plaintiff filed the complaint and declaration of taking and deposited in the court the estimated amount of compensation due; therefore, defendants are entitled to a determination of just compensation for the taking of their property. G.S. 136-104.

   Chief Justice BOBBITT not sitting.

ON *certiorari* to review the decision of the Court of Appeals, reported in 21 N. C. App. 161, 204 S.E. 2d 41 (1974), reversing the decision of *Clark, J.,* at the September 1973 Civil Session of DURHAM Superior Court.

This is an eminent domain proceeding instituted pursuant to a local act (Chapter 506, Session Laws of 1967, as it amended G.S. 160-205), wherein the City of Durham seeks to acquire real property owned by defendants for the purpose of develop-

ing a public park. The local act permits the City of Durham to employ the "quick-take" procedure provided by Article 9 of Chapter 136 of the North Carolina General Statutes.

The trial court dismissed the proceeding on motion of defendants for the reason that Chapter 506 of the Session Laws of 1967, under which Durham was proceeding, was repealed by Chapter 698, Session Laws of 1971 (now codified as Chapter 160A of the General Statutes). The trial court reserved decision on the question of the constitutionality of Chapter 506. The Court of Appeals reversed the trial court, holding that Chapter 698 of the Session Laws of 1971 did not repeal Chapter 506 when it repealed G.S. 160-205. The Court of Appeals further held that the "quick-take" procedure is constitutional.

On petition of W. Y. Manson and his wife, Patricia S. Manson, we allowed *certiorari*.

*Paul, Keenan & Rowan by James V. Rowan for appellants, W. Y. Manson and wife, Patricia S. Manson.*

*W. I. Thornton, Jr., City Attorney; Rufus C. Boutwell, Jr., and Douglas A. Johnston, Assistant City Attorneys, for appellee, City of Durham.*

*Robert Morgan, Attorney General, by C. Diederich Heidgerd, Associate Attorney, amicus curiae for the State.*

*Henry W. Underhill, Jr., City Attorney, and Charles R. Buckley, III, Assistant City Attorney, amicus curiae for the City of Charlotte.*

*Jesse L. Warren, City Attorney, and Dale Shepherd, Assistant City Attorney, amicus curiae for the City of Greensboro.*

MOORE, Justice.

[1] Defendants contend first that the Court of Appeals erred in passing upon the constitutionality of Chapter 506, which incorporates Article 9 of Chapter 136 of the General Statutes, the so-called "quick-take" procedure for condemnation under which plaintiff filed this action.

The trial court dismissed the action for the reason that G.S. 160-205, as amended by Chapter 506, had been repealed by Chapter 698, Session Laws of 1971 (now codified as Chapter 160A of the General Statutes). In the judgment dismissing the action, the trial court stated: "The court reserves the question

of the constitutionality of Chapter 506, Session Laws 1967 because it has been able to arrive at a determination without reaching that issue."

In *State v. Dorsett* and *State v. Yow,* 272 N.C. 227, 158 S.E. 2d 15 (1967), defendants in the trial court contended that the ordinance under which they were charged was "unconstitutional for vagueness." The trial court expressly declined to rule on this question and quashed the warrants on other grounds. Justice Bobbitt (now Chief Justice) speaking for the Court said:

> " . . . Under these circumstances, 'in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised *and passed upon* in the court below.' (Our italics.) *State v. Jones,* 242 N.C. 563, 89 S.E. 2d 129."

In *State v. Cumber,* 280 N.C. 127, 131, 185 S.E. 2d 141, 144 (1971), the constitutional question concerning the admission of certain evidence was not raised in the trial court but was injected for the first time on appeal to the Court of Appeals. We held that it came too late, that it was not properly before the Court of Appeals and was not properly before us, stating:

> " . . . That belated constitutional question was injected for the first time on appeal to the Court of Appeals and therefore came too late. It was not properly before that court and is not now properly before us. 'The attempt to smuggle in new questions is not approved. *Irvine v. California,* 347 U.S. 128, 129. Appellate courts will not ordinarily pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the trial court. *State v. Jones,* 242 N.C. 563, 564, 89 S.E. 2d 129. This is in accord with the decisions of the Supreme Court of the United States. *Edelman v. California,* 344 U.S. 357, 358.' *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1 (1959). Accord, *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968)."

*Accord, State v. Duncan,* 282 N.C. 412, 193 S.E. 2d 65 (1972) ; *State v. Hudson,* 281 N.C. 100, 187 S.E. 2d 756 (1972).

Since the constitutionality of the statute in question was not passed upon in the trial court, it was not properly before the Court of Appeals and is not now properly before us. This assignment is sustained.

Defendants next assign as error the conclusion of the Court of Appeals that the local act, Chapter 506, was not repealed by the enactment of Chapter 698, Session Laws of 1971, now codified as Chapter 160A of the General Statutes. The amendment to G.S. 160-205 by Chapter 506 reads in pertinent part as follows:

"Section 1. Section 160-205 of the General Statutes of North Carolina is hereby amended by adding thereto as a separate paragraph the following words and figures:

'The procedures provided in Article 9 of Chapter 136 of the General Statutes, as specifically authorized by G.S. 136-66.3 (c), shall be applicable in the case of acquisition by a municipal corporation of lands . . . and other interests in real property for any and all public purposes in the exercise of the power of eminent domain; and such municipal corporation seeking to acquire such property . . . shall have the right and authority . . . to use the . . . procedures as authorized and provided in G.S. 136-66.3 (c) and Article 9 of Chapter 136 of the General Statutes. . . . '

"Sec. 2. This act shall apply only to the City of Durham."

[2] G.S. 160-205 was repealed by Chapter 160A of the General Statutes. It is well established in North Carolina that a legislative act of local application is repealed only when a subsequent act of general application clearly expresses such an intent. *Bland v. City of Wilmington,* 278 N.C. 657, 180 S.E. 2d 813 (1971); *R. R. Co. v. City of Raleigh,* 277 N.C. 709, 178 S.E. 2d 422 (1971).

G.S. 160A-1(1) defines "charter" as "the entire body of local acts currently in force applicable to a particular city . . . . " G.S. 160A-1(5) defines "local act" as " . . . an act of the General Assembly applying to one or more specific cities by name. . . . " Thus, Chapter 160A expressly provides that Chapter 506 is a local act and that it is a part of the charter of the City of Durham. The General Assembly then specifically expressed its intent concerning the effect of the enactment of Chapter 160A on city charters and local acts by enacting Chapter 160A-2, as follows:

"*Effect upon prior laws.*—Nothing in this Chapter shall repeal or amend any city charter in effect as of Jan-

uary 1, 1972, or any portion thereof, unless this Chapter or a subsequent enactment of the General Assembly shall clearly show a legislative intent to repeal or supersede all local acts. The provisions of this Chapter, insofar as they are the same in substance as laws in effect as of December 31, 1971, are intended to continue such laws in effect and not to be new enactments . . . . "

Nothing is found in Chapter 160A or in any subsequent enactment of the General Assembly that would clearly show a legislative intent to repeal or supersede Chapter 506. G.S. 160A-2 in itself is enough to preclude a finding that Chapter 506 was repealed; however, it appears that the 1971 General Assembly and the legislative drafters wanted to make certain that previously passed statutes and local acts pertaining to Chapter 160 would not be repealed by implication. In addition to G.S. 160A-2, G.S. 160A-5, entitled "Statutory references deemed amended to conform to Chapter," states that:

"Whenever a reference is made in another portion of the General Statutes or any local act . . . to a portion of Chapter 160 of the General Statutes that is repealed or superseded by this Chapter, the reference shall be deemed amended to refer to that portion of this Chapter which most clearly corresponds to the repealed or superseded portion of Chapter 160."

Applying G.S. 160A-5 to the problem in question, we note that Chapter 506 amended G.S. 160-205, which enabled municipalities to condemn land for public purposes. G.S. 160A-241 clearly corresponds to former G.S. 160-205 in that both statutes enable municipalities to condemn land for public purposes. Therefore, Chapter 506 is now amended so as to refer to G.S. 160A-241 and is not repealed by reason of the savings provision of G.S. 160A-5.

[3] As shown by the sections quoted above, the specific legislative intent of Chapter 160A was not to repeal local acts by implication, but to save them. We hold, therefore, that Chapter 506, which became a part of the charter of the City of Durham, was not repealed by Chapter 160A.

[4] Finally defendants contend that the Court of Appeals erred by failing to consider whether the issue was moot and whether the real parties in interest were before the court. Defendants contend that from numerous public meetings it now appears that

the City of Durham continues to have plans for a park along the Eno River running east from Guess Road. It appears that the land to the west of Guess Road, however, including the land owned by defendants, is to be a part of a State park.

There is no evidence in the record to support defendants' contentions. For that reason, the question of mootness is not before this Court. However, this case is not moot. Under the applicable statute, G.S. 136-104, title to the property in question vested in plaintiff on 8 March 1973, the date on which plaintiff filed the complaint and declaration of taking and deposited in the court the estimated amount of compensation due. Plaintiff has owned the land since that date. *Highway Commission v. Industrial Center,* 263 N.C. 230, 139 S.E. 2d 253 (1964). Defendants are therefore entitled to a determination of just compensation for the taking of their property. G.S. 136-104.

We hold in summary that the constitutionality of Chapter 506 as it incorporates Article 9, Chapter 136, has not been determined in this case; that Chapter 506 was not repealed by Chapter 698, Session Laws of 1971 (Chapter 160A of the General Statutes) ; and that the issue is not moot in that defendants are entitled to a determination of just compensation for the taking of their property.

The case is remanded to the Court of Appeals with direction to remand to the Superior Court of Durham County for further proceedings in accordance with this opinion. As herein modified, the decision of the Court of Appeals is affirmed.

Modified and affirmed.

Chief Justice BOBBITT not sitting.