ROSE D. GARDNER v. JONAS MELVIN GARDNER

No. 798DC262

(Filed 20 November 1979)

**Divorce and Alimony § 3— plaintiff who becomes nonresident—venue change to county of defendant's residence—applicability of statute**

The amendment of G.S. 50-3 providing for the removal of an action for divorce or alimony, upon motion of defendant, to the county in which defendant resides where plaintiff has ceased to be a resident of this State is mandatory and may be applied retroactively to claims which accrued prior to the effective date of the amendment and to pending litigation. However, the amendment was not applicable to an action for divorce from bed and board where it became effective after the trial court had made a decision settling the question of venue.

Judge VAUGHN dissenting.

APPEAL by plaintiff from *Hardy, Judge.* Order entered 16 November 1978 in District Court, WAYNE County. Heard in the Court of Appeals 16 October 1979.

On 12 May 1976, plaintiff, Rose Gardner, filed an action for alimony without divorce in the Wayne County District Court. The complaint was amended 28 June 1976 to state a cause for divorce from bed and board.

Venue for the action was governed by G.S. 1-82 which states that, ". . . the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement . . . ."

Defendant, Jonas Melvin Gardner, filed a motion pursuant to Rule 12(b) on 24 May 1976 to remove for improper venue. Defendant asserted that Rose Gardner was not a resident of Wayne County. On 22 June 1976, judgment was entered in the Wayne County District Court finding venue proper in that county. Defendant appealed, but the Court of Appeals affirmed, without published opinion. *Gardner v. Gardner*, 34 N.C. App. 165 (1977).

On 1 June 1976, defendant filed an action for absolute divorce in Johnston County. Rose Gardner moved to dismiss the action on the ground that the claim was a compulsory counterclaim in her action. Plaintiff's motion was denied on 30 July 1976. On appeal,

the order was reversed. *Gardner v. Gardner*, 294 N.C. 172, 240 S.E. 2d 399 (1978).

Meanwhile, on 15 June 1976, defendant had also filed a motion to change venue pursuant to Rule 12(b) and G.S. 1-83(2). This motion was proper in that it preceded defendant's answer on 14 September 1977 in the cause for divorce from bed and board.

Defendant's motion was heard and denied on 15 October 1977. Notice of appeal was given, and on 20 March 1979, the Court of Appeals affirmed the judgment. The defendant did not perfect any appeal as to the denial of his motion to change venue from Wayne County pursuant to G.S. 1-83(2).

Subsequent to the denial of his motion in the Wayne County District Court, but prior to the filing of the Court of Appeals opinion on 12 September 1978, defendant filed another motion, requesting venue of plaintiff's action be moved to Johnston County. Defendant supported his motion with affidavits that showed plaintiff had moved from North Carolina to Vidalia, Georgia, sometime during the early part of 1978, and based his motion on G.S. 50-3. Plaintiff admitted that she had moved from the state.

G.S. 50-3 was amended on 16 June 1978 to state the folowing:

Section 1. G.S. 50-3 is amended by adding the following:

'Any action brought under Chapter 50 for alimony or divorce filed in a county where the plaintiff resides but the defendant does not reside, where both parties are residents of the State of North Carolina, and where the plaintiff removes from the State and ceases to be a resident, the action may be removed upon motion of defendant, for trial or for any motion in the cause, either before or after judgment, to the county in which the defendant resides. The judge, upon such motion, shall order the removal of the action, and the procedures of G.S. 1-87 shall be followed.'

Sec. 2. This act is effective upon ratification.

The foregoing amendment was enacted into law on 16 June 1978, some eight months after the Wayne County District Court dismissed defendant's motion to change venue pursuant to Rule 12(b) and G.S. 1-83(2).

This court must decide whether or not the amendment will be applied retroactively so as to change venue of plaintiff's action for divorce from bed and board to Johnston County.

*Freeman, Edwards & Vinson, by George K. Freeman, Jr., for plaintiff appellant.*

*Mast, Tew, Nall & Moore, by George B. Mast, for defendant appellee.*

*Taylor, Warren, Kerr & Walker, by Lindsay C. Warren, Jr., for defendant appellee.*

HILL, Judge.

From the outset, it is clear that the language of the amendment is mandatory. If the defendant makes the motion for change of venue, the judge shall grant it.

Furthermore, it is clear that the amendment to G.S. 50-3 is retroactive. "[S]tatutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention." (Citations omitted.) *Smith v. Mercer,* 276 N.C. 329, 338, 172 S.E. 2d 489. G.S. 50-3 contains no such language.

Venue means the place of trial. *Lovegrove v. Lovegrove,* 237 N.C. 307, 74 S.E. 2d 723 (1953). It is the place where the power to adjudicate is to be exercised. Venue is not a jurisdictional question but a procedural one. 77 Am. Jur. 2d, Venue § 1, p. 832. In North Carolina it is clear that, ". . . a change in the statutory method of procedure for the enforcement or exercise of an existent right is not prohibited by any constitutional provision, unless the alteration or modification is so radical as to impair the obligation of contracts or to divest vested rights." *Bateman v. Sterrett,* 201 N.C. 59, 62, 159 S.E. 14 (1931).

The retroactive application of venue statutes to causes of action which accrued prior to the effective date of the statute is proper. No vested right is destroyed, nor does a question of construction arise where a venue statute, by its own provisions, is declared to apply to transactions entered into prior to the passage of the statute. *See* 12 Strong's N.C. Index 3d, Statutes § 8, p. 81; 77 Am. Jur. 2d, Venue § 4, p. 837.

Generally, a statute fixing venue is applicable even to actions *pending* on the effective date of the statute. *United States v. National City Lines*, 80 F. Supp. 734, 738 (S.D. Cal. 1948).

We draw the line there, however. A venue statute is not applicable in determining the rights of parties, where it becomes effective *after the trial court has made a decision* settling the question of venue. 77 Am. Jur. 2d, Venue § 4, p. 837; 41 A.L.R. 2d § 4, p. 805. In this case, the trial court ruled on 15 October 1977 that venue in Wayne County was proper. The amendment became effective on 16 June 1978, and thus is not determinative of venue in this case.

No North Carolina courts have ruled on this matter. We must examine opinions from courts in our sister states to support our conclusion.

*Osborn Funeral Home v. State Bd. of Emb.*, 162 So. 2d 596 (1964), is a case that resembles ours factually. Plaintiff had filed an action in Caddo Parish, in which it did business. Defendant filed a motion to remove to Orleans Parish where it was headquartered. The trial judge granted defendant's motion, but on appeal, was reversed. Defendant subsequently filed answer. On 1 July 1963, an amendment was enacted which set the venue for all actions against defendant in Orleans Parish. Defendant then moved to change venue, but lost again in the Court of Appeal. The court held that its original order refusing the motion to change venue established a vested right in the plaintiff to have the case tried in Caddo Parish.

*People v. Pinches*, 214 Cal. 177, 4 P. 2d 771 (1931) is also helpful. There, suit was brought by the state in Sacramento County. Upon motion of the defendant, venue was changed to his home county, Mendocino. Subsequently, a statute was passed requiring that such action be tried in Sacramento. The court stated that, "Whatever may be the force and effect of said amendment, it can have no bearing upon the merits of this appeal, as the order appealed from was made long prior to the enactment of the amendment." *Pinches*, at p. 182.

Appellee in his brief and in oral argument has suggested that two Tennessee cases, *Mid-South Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W. 2d 586 (1975), and *Saylors v. Riggsbee*, 544 S.W. 2d

609 (1976), are authority contrary to the two cases previously cited. Upon close reading, it is clear that the four cases are consistent with each other. *Mid-South* and *Saylors* merely state what this Court agrees the law to be; that is, that venue statutes can be applied retroactively in situations where the cause of action *accrued*, or where suit was *pending* before passage of the statute.

In the instant case, the trial court three times has made a final judgment establishing venue. Each judgment preceded the passage of the amendment mentioned herein. First, the defendant, claiming that plaintiff was not a resident of Wayne County, sought to remove from that county pursuant to Rule 12(b). The trial court denied the motion, and this Court affirmed. Next, defendant filed a motion for absolute divorce in Johnston County. The Supreme Court held that the claim was a compulsory counterclaim in plaintiff's Wayne County action. Finally, defendant moved to change venue pursuant to G.S.1-83(2). The trial court denied the motion, and this Court affirmed. In each case, a final judgment was made establishing venue in Wayne County. In each case, defendant either exercised or abandoned any judicial steps he could take to challenge venue.

Plaintiff must be able to rely on the judicial system's final determination of venue. To hold otherwise would be to throw our legal system into chaos and encourage legal maneuvering in the legislature rather than in the courts where both parties' interests are represented.

For the reasons stated above, the order of 16 November 1978 removing the cause of action to Johnston County is

Reversed.

Judge ERWIN concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I do not find the two foreign cases relied on by the majority either authoritative or persuasive. In the first place, neither case applies a statute as explicit as the one in question. Moreover, in

*People v. Pinches, supra,* the California Court was considering a trial court order respecting venue that had been entered prior to the enactment of the venue amendment. As the Court pointed out, it is perfectly obvious that the amendment could have no bearing on the merits of the appeal from that order. Here, of course, the appeal is from an order entered after the enactment of the amendment and obeying its mandate. In *Osborn Funeral Home v. Louisiana State Board of Embalmers, supra,* a decision of an intermediate appeals court in Louisiana, the Court based its decision on its understanding of the Louisiana Constitution and statutes. Among other things, the Court said that under its statute the venue motion was not timely because it was not filed until after answer on the merits had been filed.

I respectfully suggest that the judgment in the case should be affirmed. In her response to defendant's motion for a change of venue, plaintiff asserted only that she could not have a fair trial in Johnston County. No questions conerning the constitutionality of the statute were raised or passed upon in the trial court. I assume it is for that reason that the majority does not discuss the constitutional questions appellant seeks to argue on appeal. "Since the constitutionality of the statute in question was not passed upon in the trial court, it was not properly before the Court of Appeals and is not now properly before us." *City of Durham v. Manson,* 285 N.C. 741, 743, 208 S.E. 2d 662, 664 (1974).

The majority, correctly I believe, concludes that the statute is mandatory, that it is procedural and that it may be applied retrospectively to pending litigation. The majority holds, nevertheless, that it does not apply to this case. It is here that we disagree. It seems to me that the amendment was tailor-made for the case at bar, and I do not understand the majority to say that it was beyond the power of the General Assembly to enact the amendment. At the time the action was commenced, the applicable statute, G.S. 50-3, provided that the summons was returnable to the county in which either plaintiff or defendant resided. Defendant resided in Johnston. Plaintiff alleged that she was a resident of Wayne and the summons was returned there. The 1978 amendment to G.S. 50-3 made no changes in this procedure so long as plaintiff remained a resident of the State. It does provide a procedure, however, for a change of venue to the county of

defendant's residence of plaintiff thereafter becomes a nonresident. The parties stipulated that plaintiff became a nonresident. The act expressly provides that "the action may be removed upon motion of the defendant, for trial or for any motion in the cause, either before or after judgment, to the county in which the defendant resides. The judge, upon such motion, shall order the removal of the action . . . ." G.S. 50-3.

I do not agree that the earlier decisions on venue take the case out of the operation of the statute. All that the first venue hearing determined was that Wayne County was the county in which plaintiff then resided. That decision is not under attack here. The other venue hearing determined that the convenience of witnesses and ends of justice did not require a change of venue to Johnston. That decision is not under attack here. The statute has not been changed with respect to where a summons may be returned. It only provides a procedure for a change in venue when a plaintiff changes her or his status from that of a resident to a nonresident. I believe that the late Judge Hardy correctly followed the mandate of the statute and would affirm his judgment.