QUINCE, Judge.
Julie and James Tacy (the Tacys) challenge the trial court’s order granting Alex and Susan Kellner’s (the Kellners) motion for new trial based on the admission of certain evidence of Mr. Kellner’s drug usage. Because we determine that the evidence was properly admitted, we reverse.
The Kellners filed suit against the Tacys seeking damages for personal injuries suffered as the result of an automobile accident. Prior to trial, the Kellners filed a motion in limine seeking to prohibit the Tacys from introducing records from the Tampa Metro Treatment Center which evidenced Mr. Kell-ner’s long time use of illegal narcotics. The Kellners argued that such evidence would be highly prejudicial and would prohibit a fair trial. The trial court conducted a hearing and denied the motion, finding that the records would be relevant to the issues of Mr. Kellner’s life-expectancy, credibility, and the existence of any postsurgieal complications. *933 The court expressly found that the probative value of the drug abuse evidence outweighed its potential prejudicial effect.
After the jury returned a verdict finding both parties 50% at fault and awarding Mr. Kellner $2,400 for past medical expenses and $500 for lost income, the Kellners filed a motion for new trial alleging, inter alia, that the introduction of the drug use evidence was substantially more prejudicial than probative and resulted in the jury being prejudiced against his claims. The trial court granted the motion, finding the Tacys had not produced any evidence which connected the long term drug use with any relevant issue at trial. This appeal timely followed.
Our review of the record convinces us that evidence of Mr. Kellner’s drug usage is relevant to an item of his alleged damages and to the issue of his credibility. Among his damages, Mr. Kellner sought to recover approximately $47,000 in medical bills from Health Infusion Company, the facility which treated him upon his development of osteo-myelitis, an inflammation of the bone marrow. Mr. Kellner alleged that the disease developed following surgery necessitated by the back trauma he suffered as a result of the automobile accident. The Tacys attempted to prove that Mr. Kellner contracted the disease as a result of his drug use, and not as a result of a post-operative infection. The surgeon who performed the back surgery testified that the infection, and, therefore, the $47,000 in medical bills, was a result of Mr. Kellner’s longterm I.V. drug use. Evidence that the osteomyelitis could have developed from Mr. Kellner’s drug use is relevant to his damage claim, and was properly admitted.
Mr. Kellner’s past drug usage was also relevant to the issue of his credibility. The record in this case evidences that Mr. Kellner repeatedly made false and inconsistent statements regarding his drug use and his medical treatment subsequent to the accident. A witness’s credibility may always be impeached. Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982)(whenever a witness takes the stand, he ipso facto places his credibility in issue). Use of prior inconsistent statements is an appropriate method to impeach a witness’s trial testimony. Abbott v. State, 589 So.2d 943 (Fla. 2d DCA 1991). The jury properly heard evidence from which it could assess the credibility of Mr. Kellner’s testimony. This evidence was relevant and did not unfairly prejudice the Kellners’ case.
Although the decision to grant a new trial comes within the sound discretion of the trial court, it may be overturned upon a showing that the trial court abused its discretion. Hagan v. Sun Bank of Mid-Florida, 666 So.2d 580 (Fla. 2d DCA 1996). The trial court abused its discretion in this instance because the evidence sought to be excluded was relevant and probative to issues presented at trial. We remand this case to the trial court with instructions to reinstate the jury verdict.
PARKER, C.J., and CAMPBELL, J., concur.