RAMIREZ, J.
Gisleine Bertrand appeals the dismissal of her complaint with prejudice on the basis that she committed misconduct and fraud in the prosecution of the proceedings before the trial court. We reverse because the trial court relied mostly on fraudulent conduct in connection with a federal proceeding to dismiss the complaint with prejudice which would not support a dismissal of the state court action.
At issue in the underlying case is Bertrand’s ownership of an eight million dollar lottery prize the Florida Lottery awarded on October 2, 1999. In her multi-count complaint filed against appellant Anilus Belhomme, Bertrand’s former husband whom she married in the Republic of Haiti in November of 1999, Bertrand alleged that she and Belhomme had orally agreed to share equally in any Florida lottery proceeds which they won; jointly selected the winning lottery numbers; and together purchased the winning lottery ticket. Bertrand also alleged that Belhomme convinced her to permit him to print his name and address on the back of the lottery ticket with the understanding that Bertrand would always be a one-half owner of the lottery winnings.
In her amended complaint, Bertrand added a count to her initial complaint for breach of a joint venture agreement. She alleged that Belhomme had solicited her to allow him to serve as trustee of the lottery proceeds.
In December of 1998, Bertrand consulted with a bankruptcy attorney and on July 12, 2000, she filed for bankruptcy. In the bankruptcy proceeding, Bertrand did not disclose her lottery claim as an asset. She also failed to mention the lottery claim during her appearance at a subsequent bankruptcy court creditor’s meeting. Bertrand later testified that she did not mention her lottery claim to her bankruptcy attorney because she did not believe that it was important. Bertrand eventually amended her bankruptcy petition to list the lottery claim as a contingent asset.
During the pendency of the underlying action filed against Belhomme, Bertrand filed a complaint for divorce against Pierre Sajous. In that divorce proceeding, Ber *1152 trand disclosed her lottery claim in her financial affidavit.
I. Trial Court Proceedings
Belhomme twice moved to dismiss Bertrand’s complaint arguing that Bertrand was committing a fraud upon the court. The trial court denied Belhomme’s first motion to dismiss, but dismissed Bertrand’s claim for punitive damages with prejudice. The trial court subsequently granted Belhomme’s second motion to dismiss and to strike, and dismissed Bertrand’s complaint with prejudice.
The record below contains numerous filings the most notable of which are Bertrand’s affidavits of June 14, 2002 and July 24, 2001, Bertrand’s errata sheets to her deposition, and Bertrand’s deposition testimony of June 20, 2001. In her deposition of June 20, 2001, Bertrand swore that she told Belhomme to place his name on the back of the lottery ticket, “not to be tricked by the lottery ... because it’s possible [that the Florida Lottery] may change [the ticket], they may lose it.”
In its June 3, 2002,order that dismissed Bertrand’s amended complaint, the trial court made numerous findings. The court’s findings include various references to Bertrand’s bankruptcy court proceeding, as well Bertrand’s divorce proceeding. The trial court referenced Bertrand’s consultations with her bankruptcy attorney; dealings with her bankruptcy attorney; failure to list her claim to the lottery winning in her bankruptcy! petition; and Bertrand’s appearance at the bankruptcy court. The court also mentioned Bertrand’s complaint for divorce filed against Pierre Sajous in which she listed her claim to the lottery winning in her financial affidavit.
The trial court’s findings also include the underlying proceeding. The court reviewed Bertrand’s initial and amended complaints, response to interrogatories, and Bertrand’s testimony. The trial court pointed to Bertrand’s allegation in her original complaint that Belhomme tricked her into allowing him to sign the back of the lottery ticket, and Bertrand’s allegation in her amended complaint that Belhomme solicited her to allow him to serve as trustee of the lottery winning. The court also noted that Bertrand failed to disclose the name of her bankruptcy attorney as an individual with knowledge of her financial situation in her response to interrogatories, as well as to Bertrand’s testimony in which she stated that she had asked Belhomme to sign the lottery ticket.
II. Fraud upon the Trial Court as a Basis for Dismissal with Prejudice
The sanction of dismissal with prejudice due to fraud upon the court has long been an available and often favored remedy for a party’s misconduct in the litigation process. This Court has repeatedly held that “a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding should not be permitted to continue to employ the very institution it has subverted to achieve her ends.” See Metropolitan Dade County v. Martinsen, 736 So.2d 794, 795 (Fla. 3d DCA 1999); O'Vahey v. Miller, 644 So.2d 550, 551 (Fla. 3d DCA 1994). See also Cabrerizo v. Fortune Int’l Realty, 760 So.2d 228 (Fla. 3d DCA 2000). However, because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances. See Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992); Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994).
An appellate court reviews a trial court’s imposition of sanctions under an abuse of discretion standard of review. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); Baker v. Myers Tractor Servs., Inc., 765 So.2d 149, 150 (Fla. 1st DCA *1153 2000). Although the trial court has wide discretion in the imposition of sanctions, the court’s discretion is not unlimited. See Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)(stating that the court should take into consideration a mixture of factors and carefully balance the court’s policy that favors the adjudication of claims on the merits).
The standard required to support a finding of fraud upon the court is reasonably straightforward. The evidence to support a finding of fraud must be clear and convincing. See Cox, 706 So.2d at 46. The evidence must prove that the misconduct “set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability [to impartially] adjudicate a matter.” Id. See also Jacob v. Henderson, 840 So.2d 1167 (Fla. 2d DCA 2008). It is not uncommon for the reviewing court to reverse a dismissal with prejudice based upon a finding of fraud upon the court in the absence of misconduct that proves an “intent to deceive,” or misconduct that was “willful” in nature and done in “bad faith.”
III. Analysis
We believe that the trial court’s imposition of the sanction of dismissal with prejudice in this case was unwarranted. This imposition unjustly deprives Bertrand of her right to the adjudication of her claims against Belhomme on the merits.
In the trial court’s order of dismissal, we find that there is only a single reference which the court relied upon in support of dismissal that directly relates to the underlying case. This evidence relates to Bertrand’s allegations contained in her complaints and her deposition testimony both of which are associated with the placement of Belhomme’s name on the back of the lottery ticket. Bertrand’s allegations and her deposition testimony, however, are not necessarily inconsistent and can certainly be reconciled. Although the statements affect Bertrand’s credibility and may serve to qualify as direct evidence for proper impeachment purposes, see Tacy v. Kellner, 697 So.2d 932, 933 (Fla. 2d DCA 1997)(use of a prior inconsistent statement is the appropriate method to impeach a witness’ testimony), a prior statement is admissible to impeach only if it is in fact inconsistent, or directly contradicts the witness’ prior testimony or there is material variance between the witness’ two statements. See Gudinas v. State, 693 So.2d 953 (Fla.1997). Bertrand’s statements are thus not tantamount to fraud upon the court that could support dismissal of the underlying cause of action. See Amato v. Intindola, 854 So.2d 812, 815 (Fla. 4th DCA 2003)(holding that the discrepancy between deposition testimony and videotape evidence did not warrant dismissal of the action with prejudice for fraud upon the court because the trier of fact may look at the same evidence and conclude otherwise; and stating that it is up to the trier of fact to determine the truth or falsity of any claim). See also Ruiz v. City of Orlando, 859 So.2d 574 (Fla. 5th DCA 2003).
All other references, including the references to Bertrand’s bankruptcy and divorce proceedings, have no relation to the underlying case. The references are otherwise insufficient to prove that Bertrand’s conduct was part of a “scheme calculated to deceive” the trial court on any matter central to the underlying case.
In Belhomme’s motion to dismiss and to strike, as well as the trial court’s order of dismissal, we do not find any reference to evidence that Bertrand lied under oath before the trial court. The questionable conduct on the part of Bertrand directly relates to the bankruptcy proceeding over which the trial court and this Court have no authority to impose sanctions.
*1154 Furthermore, Bertrand’s initial omission from the bankruptcy proceeding of her claim to the lottery winning, as well as the subject of her divorce proceeding, do not at all involve matters that we consider central to the issues in her lawsuit against Belhomme.
IV. Conclusion
We therefore reverse the order of dismissal with prejudice and remand for further proceedings.