ATTORNEYS FOR APPELLANTS

Daniel J. Deeb
Schiff Hardin LLP
Chicago, Illinois

William R. Peterson
Craig Stanfield
Morgan, Lewis & Bockius LLP
Houston, Texas

ATTORNEYS FOR DEFENDANT below

John W. Woodard, Jr.
Jordan M. White
Wyatt, Tarrant & Combs, LLP
Louisville, Kentucky

ATTORNEYS FOR APPELLEES

G. Daniel Kelley
Samuel B. Gardner
Ice Miller LLP
Indianapolis, Indiana

David Miller
Newburgh, Indiana



FILED
Mar 08 2018, 10:52 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# COURT OF APPEALS OF INDIANA

Arkla Industries, Inc., Arkla Inc.
by and through its successor by
mergers CenterPoint Energy,
Inc.,

*Appellants-Defendants,*

Bendix-Westinghouse
Automotive Air Brake
Company, by and through its
successor by mergers Honeywell
International, Inc.

*Defendant below,*

v.

March 8, 2018

Court of Appeals Case No.
87A01-1709-CC-2140

Appeal from the Warrick Circuit
Court

The Honorable Greg A. Granger,
Judge

Trial Court Cause No.
87C01-1608-CC-905

Columbia Street Partners, Inc.
and Columbia Street Partners
Remediation Trust,

*Appellees-Plaintiffs.*

**Robb, Judge.**

# Case Summary and Issue

The trial court denied the motion of Arkla Industries, Inc., and Arkla, Inc. by and through its successor by mergers CenterPoint Energy, Inc. (collectively, "Centerpoint"), to transfer this case to a preferred venue pursuant to the provisions of Indiana Trial Rules 12 and 75. Centerpoint appeals, raising the sole issue of whether the trial court clearly erred in concluding it waived its right to seek a preferred venue. Concluding the trial court's order denying Centerpoint's motion was clear error because Centerpoint made a proper motion raising the defense of improper venue, we reverse and remand to the trial court to grant the motion and transfer this case to a preferred venue.

# Facts and Procedural History

On August 4, 2016, Columbia Street Partners, Inc., and Columbia Street Partners Remediation Trust (collectively, "Columbia"), filed in Warrick Circuit

Court a complaint for damages for environmental contamination on real property it owns in Evansville. Columbia named the following as defendants who allegedly caused or contributed to the contamination: Centerpoint and Bendix-Westinghouse Automotive Air Brake Company, by and through its successor by mergers Honeywell International, Inc. ("Honeywell"). The trial court granted two unopposed motions for extension of time for the defendants to respond to the complaint, giving them until October 21, 2016, to do so. In seeking Columbia's agreement to an extension, Centerpoint informed Columbia it might be filing a motion to transfer venue. On October 20, 2016, however, before Centerpoint had filed any responsive pleading or other motion in the trial court, Honeywell removed the case to the United States District Court for the Southern District of Indiana. Honeywell alleged as grounds for removal the complete diversity of the parties and the amount in controversy. Honeywell also alleged that it had "met and conferred with" Centerpoint, which consented to removal. Appellants' Appendix, Volume II at 62. The only document Centerpoint filed in federal court was its answer to the complaint as required.

[3] Columbia filed a motion to remand the case to Warrick County challenging the complete diversity of the parties. Centerpoint did not oppose the motion. On May 23, 2017, the district court issued an order finding it did not have diversity jurisdiction over the case and granting the motion to remand to state court. The district court also ordered Honeywell to pay Columbia's attorney fees, which is

allowed "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 131.

[4] On May 25, 2017, Centerpoint filed a motion in Warrick Circuit Court to transfer the case to Vanderburgh County, a preferred venue pursuant to Indiana Trial Rule 75(A). Columbia objected to the transfer of venue because Centerpoint "agreed to and did engage in baseless litigation . . . and other tactics to delay this case . . . and by such conduct have waived and are estopped to now 9 months later seek to transfer venue." *Id.* at 133.

[5] Following a hearing on the motion to transfer venue and the submission of proposed findings and conclusions by the parties, the trial court largely adopted Columbia's proposed order and denied the motion to transfer venue:

> 4. Centerpoint, like Honeywell, chose to pursue venue in federal court. Centerpoint could have refused to consent to the removal (which removal could not have been filed without such consent . . .) and then back in September-October 2016 they could have filed their Motion to Transfer to Vanderburgh County. Instead Centerpoint chose to acquiesce in the pursuit of venue in federal court, not in Vanderburgh County.
> * * *
> 6. Despite the fact Centerpoint knew or should have known that the removal was baseless, Centerpoint did not reconsider its decision nor did it withdraw its consent over the next seven months. The day after remand . . ., Centerpoint filed its eight page Motion to Transfer.
> * * *
> 13. The facts demonstrate that Centerpoint Defendants and Honeywell Defendants sought venue in federal court, and did not intend to return to state court. Centerpoint waived its right to

seek a new venue by not filing a Rule 75 Motion to Transfer Venue to Vanderburgh [County] before the removal, by consenting to the removal rather than filing to transfer venue and by not withdrawing its consent. Centerpoint demonstrated that it did not intend to seek venue in state court. Centerpoint was not an innocent bystander in the pursuit of federal jurisdiction. They were a knowing participant.

*Id.* at 12-15. Centerpoint appeals from the denial of its motion.[1]

# Discussion and Decision

## I. Standard of Review

[6] We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error and review conclusions of law de novo. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006). Where factual determinations are made from a paper record, however, those determinations are also reviewed de novo. *Id.*

## II. Improper Venue

[7] Trial Rule 75(A) allows a case to be filed in any county in Indiana. However, the rule also sets forth criteria establishing ten "preferred" venues. The rule does not create a priority among the subsections establishing preferred venue, and there may be multiple preferred venues in a given case. *Salsbery Pork*

---

[1] Pursuant to Appellate Rule 14(A)(8), an order transferring or refusing to transfer a case under Trial Rule 75 is an interlocutory order appealable as a matter of right. *See also* T.R. 75.

*Producers, Inc. v. Booth*, 967 N.E.2d 1, 5 (Ind. Ct. App. 2012). A motion to transfer venue cannot be granted when an action has been filed in a preferred venue, but if the complaint is *not* filed in a preferred venue, the court is required to transfer the case to a preferred venue upon a proper request from a party. *Am. Family Ins. Co.*, 857 N.E.2d at 974.

[8] Here, there seems to be no dispute that Warrick County is *not* a preferred venue, as Columbia does not defend Warrick County as a preferred venue[2] and does not dispute that Vanderburgh County would be a preferred venue.[3] The question, therefore, is not whether transfer of this case to Vanderburgh County is improper because the case is already in a proper venue, but whether Centerpoint is entitled at this point in the litigation to have the case transferred to a preferred venue. The rule states:

> Any case may be venued, commenced and decided in any court in any county, *except*, that *upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3)*, the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, *shall order the case transferred* to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not

---

[2] In fact, counsel for Columbia stated in a letter to counsel for defendants in September 2016 that he "chose to file this in Warrick County because of the chances of getting one of two good judges (by reputation) which was achieved. The odds of getting a good judge in Vanderburgh County were not great . . . ." Appellant's App., Vol. II at 159.

[3] On the other hand, Vanderburgh County, as "the county where the land or some part thereof is located . . . if the complaint includes a claim for injuries thereto . . ." *is* a preferred venue. T.R. 75(A)(2).

authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

T.R. 75(A) (emphasis added). Trial Rule 12, in turn, provides how the defense of incorrect venue must be asserted and the circumstances under which the defense may be waived:

(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required; except that, at the option of the pleader, the following defenses may be made by motion:

* * *

(3) Incorrect venue under Trial Rule 75 . . . . The disposition of this motion shall be consistent with Trial Rule 75.

* * *

A motion making [this] defense[] shall be made before pleading if a further pleading is permitted or within twenty (20) days after service of the prior pleading if none is required. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, . . . the defense[] in section [(B)(3)] is waived to the extent constitutionally permissible unless made in a motion within twenty [20] days after service of the prior pleading.

* * *

(G) Consolidation of defenses in motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a

motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted. . . .

(H) Waiver or preservation of certain defenses.

(1) A defense of . . . improper venue . . . is waived to the extent constitutionally permissible:

(a) if omitted from a motion in the circumstances described in subdivision (G),

(b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

[9] Centerpoint argues the Trial Rules require the trial court to transfer this case to a preferred venue upon its motion; Columbia contends Centerpoint has waived any objection to venue by its conduct surrounding the removal to federal court.

[10] Columbia's arguments for waiver rely heavily on its characterizations of Centerpoint's motivations during the litigation. Columbia's brief is rife with references to Centerpoint's "trick[ing]" Columbia into consenting to an extension of time for Centerpoint to answer the complaint in state court; Centerpoint's "complicit[y]" in the "baseless" removal to federal court and violations of the Indiana Trial Rules; and Centerpoint's "attempts to wash its hands" of the removal in now seeking to transfer to a preferred venue. *See*

Appellees' Brief at 10-11. Columbia also posits that Centerpoint's actions and inactions with respect to removal "demonstrated its intent not to seek venue in Vanderburgh County [or] to return to state court." *Id.* at 11. Essentially, Columbia argues the right to a preferred venue may be waived as a sanction for misconduct during the litigation. This argument, however, misapprehends the plain language of the trial rules.

[11] Centerpoint's motivations and intent—even if they are as Columbia alleges—are irrelevant. Transfer from a non-preferred venue to a preferred venue is mandatory if the movant meets the provisions of Trial Rules 12 and 75. The issue of improper venue must be raised in a responsive pleading as an affirmative defense or must be raised by motion prior to the filing of the responsive pleading. *City of Carmel ex rel. Redevelopment Comm'n v. Crider & Crider, Inc.*, 988 N.E.2d 808, 810 n.1 (Ind. Ct. App. 2013), *trans. denied*. Thus, entitlement to a change of venue is a matter of timing not intent; if the movant makes a proper and timely motion, the trial court has no discretion to deny it. Trial Rule 12(H) states the circumstances under which a defense of improper venue may be waived. Alleged misconduct in the course of litigation is not one of those circumstances.[4]

---

[4] Moreover, as Centerpoint states, arguing in the alternative is common litigation tactic and not a trick. There is nothing inherently contradictory in agreeing to a co-defendant's efforts to remove a case to federal court while still maintaining that if the case is tried in state court, it should be tried in a preferred venue.

[12] Here, Centerpoint was not yet required to file an answer to Columbia's complaint when the case was removed to federal court. The general rule is that removal of a case to federal court divests the state court of jurisdiction. *Peoples Trust & Sav. Bank v. Humphrey*, 451 N.E.2d 1104, 1108 (Ind. Ct. App. 1983).

> An order remanding an action to the Federal court . . . merely suspends or holds [state] jurisdiction in abeyance either until the action is terminated in Federal court or until the latter court remands the action to the state court; and in the event of a remand, the state court's continuous, though dormant, jurisdiction is revived . . . .

*Id.* at 1108 (quoting *Doerr v. Warner*, 76 N.W.2d 505, 512 (Minn. 1956)).[5] In *Humphrey*, the defendants in a foreclosure action filed their answer, counterclaim, and a petition to remove the case to federal court on May 1, 1980. On May 28, 1980, the federal court remanded the case to state court. On May 30, 1980, the defendants moved for a change of venue from the county pursuant to Trial Rule 76. Trial Rule 76(C) requires an application for a change of venue to be filed not later than ten days after the issues are first closed on the merits. *Id.* Because the defendants had attempted to remove the case to federal court, their motion for change of venue was filed more than ten days after their

---

[5] A handful of states have adopted a narrow exception to this general rule and concluded that the state court does not lose jurisdiction if the "notice of removal is insufficient on its face to raise even a colorable claim of removability." *McDonald v. Zions First Nat'l Bank, N.A.*, 348 P.3d 957, 961-62 (Colo. App. 2015) (adopting the narrow exception for Colorado and noting courts in New York, Vermont, Florida, Oklahoma, and Connecticut had also adopted the exception). Indiana has not adopted this exception, and we decline to do so here, especially where, despite Centerpoint's "consent," it was not Centerpoint's removal petition that was ultimately determined to be without merit.

answer. The plaintiff filed an objection to the motion for change of venue, arguing it was untimely. This court disagreed, holding the time limit in Rule 76 is tolled during removal of an action to federal court. "Otherwise, when a removal petition is filed, the moving party is subjected to a game of chance with the outcome dependent on the federal court's decision on the removal petition. In contrast, tolling the time period eliminates uncertainty, preserves the status quo, and is easily applied." *Id.* at 1109. Because the defendants filed their motion for change of venue within ten days after remand, we determined the motion was timely and the trial court did not err in granting the change of venue. *Id.* at 1108-09.

[13] Similarly here, when the case was removed to federal court, Centerpoint had not yet filed an answer, and thus the time allowed under Rule 12 to either assert improper venue in a responsive pleading or to file a motion asserting the defense of incorrect venue had not yet run. While the case was in the federal court, the time period for raising the defense of improper venue was tolled. *See Humphrey*, 451 N.E.2d at 1109; *cf. Ex Parte Burr & Forman, LLP*, 5 So.3d 557, 568 (Ala. 2008) (noting that a defense of improper venue was not waived for failure to raise it in an answer filed in federal court during removal because there is nothing in the state rule of civil procedure governing asserting the defense of improper venue "that would operate to penalize a defendant for failing to raise in an answer filed in an action removed to federal court a state-law, procedural defense that would be available to the defendant only if the case were pending in state court"). The motion Centerpoint made on May 25, 2017,

asserting improper venue was the first motion Centerpoint had made in response to the complaint. The defense was not omitted from a motion in the circumstances described in subsection (G) of Rule 12 and it was made by a motion under the rule. Therefore, there is no basis in Trial Rule 12 upon which to conclude Centerpoint has waived the defense of improper venue.

## Conclusion

[14] The trial court clearly erred in concluding that Centerpoint's conduct surrounding the removal of this case to federal court waived its right to object to the improper venue upon return to the state court. The trial court's denial of Centerpoint's motion to transfer to a preferred venue is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

[15] Reversed and remanded.

Crone, J., and Bradford, J., concur.