

IN THE

# Court of Appeals of Indiana

Thomas F. Noons and Raymond W. Sanders,

*Appellants-Defendants*

v.

First Merchants Bank,

*Appellee-Plaintiff*



FILED

Sep 19 2025, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

September 19, 2025

Court of Appeals Case No.
25A-CC-419

Appeal from the Fayette Superior Court

The Honorable Paul L. Freed, Judge

Trial Court Cause No.
21D01-2408-CC-603

---

**Opinion by Judge Foley**
Judges Kenworthy and Scheele concur.

**Foley, Judge.**

[1] Thomas F. Noons ("Noons") and Raymond W. Sanders ("Sanders") (together, "Guarantors") appeal the trial court's order granting summary judgment in favor of First Merchants Bank ("First Merchants") in its foreclosure action. Guarantors argue that the trial court erred in prematurely granting First Merchants' motion for summary judgment and in denying Guarantors' motion to correct error because the timeframe in which to respond to the motion for summary judgment had not yet expired. We reverse and remand for further proceedings.

## Facts and Procedural History

[2] On January 15, 2014, Connersville Commons, LLC ("CC") signed a promissory note in favor of First Merchants in the principal amount of $2,550,000.00. After the note was modified, amended, and restated on numerous occasions, a Loan Agreement was signed by CC in favor of First Merchants on October 2, 2020, under which CC agreed to pay First Merchants the principal amount of $1,864,210.25, plus all unpaid accrued interest thereon, in full on or before the earlier of September 5, 2023, or the date on which First Merchants Bank accelerates payment of the indebtedness in accordance with the terms and conditions specified in the Loan Agreement.

[3] On January 3, 2014, Sanders executed a guaranty effective January 15, 2014, guaranteeing CC's debt to First Merchants. Sanders reaffirmed his guaranty on October 2, 2020. On January 4, 2014, Noons also executed a guaranty which

became effective January 15, 2014, and was reaffirmed on October 2, 2020, likewise guaranteeing CC's debt to First Merchants. CC subsequently breached its agreement with First Merchants by failing to pay the amounts due under the Note and Loan Agreement.

[4] On August 8, 2024, First Merchants filed a civil complaint against CC for breach of a promissory note, loan agreement, and mortgage, and against Guarantors on their guaranties of CC's debt. On October 7, 2024, CC filed its Notice of Bankruptcy and Stay with the trial court after filing for bankruptcy on October 4, 2024, and requested a stay of the proceedings in the trial court. One day later, First Merchants filed an objection to staying the matter as to Guarantors, and the trial court ordered the stay ineffective as to Guarantors until further direction of the bankruptcy court. Guarantors then filed their pro se answers and affirmative defenses the following day, October 9, 2024.

[5] On October 23, 2024, First Merchants filed a motion for partial summary judgment against Guarantors and also designated evidence in support of the motion. Six days later, on October 29, 2024, the entire case was removed to the United States Bankruptcy Court for the Southern District of Indiana. On November 13, 2024, the bankruptcy court remanded the matter to the trial court as to Guarantors only. In response to the remand order, First Merchants filed a notice of remand with the trial court, notifying the court that, because the case had been remanded to the state court, "these proceedings should resume." Appellant' App. Vol. 3 p. 118. This prompted the trial court to enter an order on November 22, 2024, permitting the matter to proceed on the motion for

partial summary judgment against Guarantors "filed October 23, 2024 . . . in accordance with Indiana Trial Rule 56." *Id*. at 123. Ten days later, on December 2, 2024, First Merchants filed a motion for entry of partial summary judgment against Guarantors for failing to respond to the summary judgment motion by November 22, 2024. On December 6, 2024, the trial court ordered summary judgment entered against Guarantors in the principal amount of $1,979,925.23. Three days after that, on December 9, 2024, First Merchants moved for entry of final judgment as to the claims against Guarantors, which the trial court granted on December 17, 2024.

[6] On January 16, 2025, Guarantors filed a motion to correct error pursuant to Trial Rule 59, arguing that the trial court erred by prematurely granting summary judgment because they contended that the period for timely responding to the motion had not yet expired. First Merchants responded to the motion, and a hearing was held on February 14, 2025. After hearing arguments of counsel, the trial court denied the motion to correct error. Guarantors now appeal.

## Discussion and Decision

[7] Guarantors argue that the trial court erred as a matter of law in granting summary judgment in favor of First Merchants. Here, Guarantors appeal after the denial of their motion to correct error. We typically review a ruling on a motion to correct error for an abuse of discretion. *In re Adoption of K.G.B.*, 18 N.E.3d 292, 296 (Ind. Ct. App. 2014). But where, as here, the issue on appeal is purely a question of law, "we review the matter de novo." *Id.* Likewise,

"[w]e review the trial court's summary judgment decision de novo." *Z.D. v. Cmty. Health Network, Inc.*, 217 N.E.3d 527, 531 (Ind. 2023). A party is entitled to summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

[8] Guarantors contend that the trial court erred both in denying their motion to correct error and in granting summary judgment in favor of First Merchants because the grant of summary judgment was ordered prior to the expiration of Guarantors' time to respond to the motion for summary judgment. They assert that, during the time the case was removed to federal court, the trial court's jurisdiction was held in abeyance and the time period in which to respond to the motion for summary judgment was tolled. Guarantors therefore maintain that they had until December 9, 2024, to file their response, and the trial court's order granting summary judgment in favor of First Merchants on December 6, 2024, was premature.

[9] Under Trial Rule 56(C), a party has thirty days after service of a motion for summary judgment to file a response. The bright-line rule in Indiana is that "[w]hen a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *State ex rel. Hill v. Jones-Elliott*, 141 N.E.3d 1264, 1267 (Ind. Ct. App.

2020) (quoting *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98–99 (Ind. 2008)).

[10]     Generally, the removal of a case to federal court divests the state court of jurisdiction. *Peoples Trust & Sav. Bank v. Humphrey*, 451 N.E.2d 1104, 1108 (Ind. Ct. App. 1983). An order remanding an action to federal court suspends or holds the state court jurisdiction in abeyance either until the action is terminated in federal court or until the action is remanded to the state court. *Id.* "[I]n the event of a remand, the state court's continuous, though dormant, jurisdiction is revived[.]" *Id.* (quoting *Doerr v. Warner*, 247 Minn. 98, 76 N.W.2d 505, 512 (1956)).

[11]     In *Humphrey*, the defendants in a foreclosure action filed their answer, counterclaim, and a petition to remove the case to federal court on May 1, 1980. *Id.* On May 28, 1980, the federal court remanded the case to state court, and on May 30, 1980, the defendants moved for a change of venue from the county pursuant to Trial Rule 76, which requires a motion for a change of venue to be filed not later than ten days after the issues are first closed on the merits. *Id.* However, because the defendants had attempted to remove the case to federal court, their motion for change of venue was filed more than ten days after their answer, prompting the plaintiff to file an objection to the motion for change of venue, arguing it was untimely. *Id.* On appeal, this court held that the time limit in Rule 76 is tolled during removal of an action to federal court. *Id.* "Otherwise, when a removal petition is filed, the moving party is subjected to a game of chance with the outcome dependent on the federal court's decision

on the removal petition. In contrast, tolling the time period eliminates uncertainty, preserves the status quo, and is easily applied." *Id.* at 1109. Therefore, because the defendants filed their motion for change of venue within ten days after remand, the motion was timely, and the trial court did not err in granting the change of venue. *Id.* at 1108–09.

[12] Similarly, in *Arkla Industries, Inc. v. Columbia Street Partners, Inc.*, 95 N.E.3d 194 (Ind. Ct. App. 2018), *trans. denied*, one day before the defendants' answer to the complaint was due, one of the defendants removed the case to federal court. *Id.* at 195. Because the defendants had not yet filed an answer when the case was removed to federal court, the time allowed either to assert improper venue in a responsive pleading or to file a motion asserting the defense of incorrect venue had not yet run. *Id.* at 198–99. The case was later remanded to the state court, and two days later, a motion was filed to transfer the case to a county of preferred venue under Trial Rule 75(A). *Id.* at 196. The trial court determined that, because the defendants had sought removal to federal court, they had waived their right to seek a new venue by not filing the motion before removal. *Id.* On appeal, citing *Humphrey*, this court reaffirmed the proposition that "[w]hile the case was in the federal court, the time period for raising the defense of improper venue was tolled." *Id.* at 199 (citing *Humphrey*, 451 N.E.2d at 1109). This court held that, when the case was removed to federal court, the defendant had not yet filed its answer, and the time allowed under the trial rules to assert a proper venue either in a responsive pleading as an affirmative defense or in a motion filed prior to the responsive pleading had not yet run. *Id.*

Consequently, while the case was in federal court, the time period for filing the motions for raising the defense of improper venue was tolled, and the trial court erred in denying the motion to transfer to a preferred venue as it was timely filed. *Id.* at 200.

[13] Appellees argue that *Humphrey* and *Arkla* are distinguishable from the present case and should not guide our decision. However, the Appellees do not cite to any authority in support of their position that the deadline under Trial Rule 56 should be treated differently than other trial rules and not be tolled when a case is removed to federal court and the trial court's jurisdiction is stayed. While neither *Humphrey* nor *Arkla* dealt with the deadline under Trial Rule 56(C), we find the underlying reasoning in those cases to be applicable to the present case. Upon a petition to remove a case to federal court, the trial court's jurisdiction is suspended or held in abeyance either until the action is terminated in federal court or until the action is remanded to the state court. Therefore, while the case is under the jurisdiction of the federal court, the trial court does not have jurisdiction over the case to rule upon motions or perform other functions relating to the case. This suspension of jurisdiction in the trial court can create uncertainty in deadlines for filings, especially in light of the unknown timeframe that a case will be removed to federal court. It follows that the correct procedure to apply is that, as in *Humphrey* and *Arkla*, when a case is removed to federal court, *all* applicable filing deadlines under our trial rules are tolled until the case is remanded to the state court's jurisdiction, including the timeframe in which to file a response to a motion for summary judgment under

Trial Rule 56(C). By tolling any applicable period, uncertainty is eliminated, the status quo is preserved, and the rule is easily applied, thereby avoiding subjecting the parties to the "game of chance" referenced by the *Humphrey* court. *Humphrey*, 451 N.E.2d at 1109.

[14] Moreover, allowing the time period to be tolled does not affect the fact that Trial Rule 56's thirty-day response time is considered a bright-line rule such that when a non-moving party fails to respond within thirty days, the trial court cannot consider summary judgment filings of that party subsequent to the thirty-day period. *See HomeEq Servicing*, 883 N.E.2d at 98–99. Tolling the time to respond to a summary judgment motion does not change this bright-line nature; it only tolls the time to respond while the case is removed to federal court and then allows the time period to respond to resume where it left off once the case is remanded to the state court again. Allowing the tolling of the time does not extend or enlarge the time to respond, and instead, as stated above, it preserves the status quo and eliminates uncertainty when a case is removed to federal court.

[15] Here, First Merchants filed its motion for partial summary judgment against Guarantors on October 23, 2024. Therefore, under Trial Rule 56(C), Guarantors had until November 22, 2024, to file a response to the summary judgment motion. On October 29, 2024, the entire case was removed to the federal court, and, thereafter, on November 13, 2024, the case was remanded to the trial court as to Guarantors only. Therefore, with the tolling of the timeframe to respond to the summary judgment, the response was due by

December 9, 2024, because the response date, December 7, fell on a Saturday. On December 2, 2024, First Merchants filed a motion requesting that summary judgment be granted against Guarantors for failing to respond, and then on December 6, the trial court granted summary judgment in favor of First Merchants. As Guarantors had until December 9, 2024 to either file a response, request a continuance or extension of time under Trial Rule 56(I), or file an affidavit under Trial Rule 56(F), the trial court's grant of summary judgment on December 6 was premature. Accordingly, the trial court erred in granting summary judgment in favor of First Merchants and in denying Guarantors' motion to correct error. We, therefore, reverse the trial court's grant of summary judgment and remand to the trial court for further proceedings.

[16] Reversed and remanded.

Kenworthy, J. and Scheele, J., concur.

ATTORNEY FOR APPELLANTS

R. Brian Woodward
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Paul J. Carroll
Nicholas A. Bohney
Wooten Hoy, LLC
Greenfield, Indiana