Vaidik, Chief Judge.
Case Summary
[1] Indiana Trial Rule 75(A)(4) provides, in part, that preferred venue lies in the county where "the principal office of a defendant organization is located ...." Our Supreme Court has held that the term "principal office," as used in the rule, "refers to a domestic or foreign corporation's registered office in Indiana." Am. Family Ins. v. Ford Motor Co. , 857 N.E.2d 971, 972 (Ind. 2006). Under Indiana's corporation law, a corporation's registered office is the address of its registered agent.
[2] This case involves a lawsuit against CTB, Inc., an Indiana corporation with its registered agent and office in Kosciusko County. CTB operates as a commercial motor carrier (CTB, Inc.) and broker (CTB Logistics). A federal regulation requires all commercial motor carriers and brokers to designate a process agent in every state where it operates, and CTB complied with the regulation by naming two process agents in Marion County. The plaintiffs, Justin and Nicole Tunis, filed their suit in Marion County. CTB moved to transfer the case to Kosciusko County, claiming that it is a preferred venue and that Marion County is not. The motion was denied, and CTB brought this interlocutory appeal.
[3] On appeal, CTB argues that Kosciusko County is a preferred venue because that is where its "principal office" is located for purposes of Trial Rule 75(A)(4). The Tunises, on the other hand, contend that CTB has a principal office in Marion County because it has designated process agents there. We agree with CTB. A corporation's "principal office," for purposes of Trial Rule 75(A)(4), is its "registered office" under Indiana's corporation law. Therefore, CTB's principal office is in Kosciusko County. We reverse and remand for further proceedings.
Facts and Procedural History
[4] The facts of this case are undisputed. CTB, an Indiana corporation based in Kosciusko *187 County, complied with Indiana's corporation law and designated a registered office and registered agent with the Indiana Secretary of State. See Ind. Code § 23-1-24-1. The office and agent-Michael Kissane, CTB's vice president and general counsel-are in Milford, which is in Kosciusko County. CTB operates as a commercial motor carrier transporting cargo and as a commercial broker. Pursuant to a federal regulation, CTB is required to designate a process agent with the Federal Motor Carrier Safety Administration (FMCSA) in every state where it operates, including Indiana. See 49 C.F.R. § 366.4(a), (b). CTB designated to the FMCSA two process agents in Marion County. However, CTB does not have any offices or other facilities in Marion County.
[5] In February 2017, Justin transported cargo from CTB's facility in Milford to Stuart, Iowa. The Tunises claimed that Justin was injured while unloading the cargo in Iowa because CTB failed to properly load and/or secure the cargo. Three months later, the Tunises filed suit against CTB in Marion County, serving the process agents on file with the FMCSA.
[6] In their complaint, the Tunises stated that venue was proper in Marion County because CTB "maintains a resident agent located in Indianapolis, Marion County, Indiana." Appellant's App. Vol. II p. 11. CTB answered the complaint and simultaneously moved to transfer venue to Kosciusko County, claiming it is a preferred venue pursuant to Trial Rule 75(A)(4), which provides, in part, that preferred venue lies in the county where "the principal office of a defendant organization is located ...." The Tunises objected to the motion.
[7] The trial court, relying on language from our Supreme Court's opinion in American Family , concluded that a corporation's "principal office" is the location "where a designated resident agent for service of process could be found." 857 N.E.2d at 974. The trial court found that CTB had agents in both Marion County and Kosciusko County, making each county a preferred venue. The court noted that Trial Rule 75(A) allows for more than one preferred venue and that, pursuant to case law, once a case is filed in a county of preferred venue, the trial court has no authority to transfer the case based solely on a preferred-venue argument. Accordingly, the court denied the motion to transfer the case to Kosciusko County.
[8] This interlocutory appeal now ensues.
Discussion and Decision
[9] We begin by acknowledging that significant revisions to Indiana's corporation law took effect on January 1, 2018. See P.L. 118-2017. For example, Section 23-1-24-1, which required that each corporation continuously maintain in Indiana a "registered office" and "registered agent" whose business office was identical with the registered office, was repealed. P.L. 118-2017, § 11. Neither party argues that the revisions are applicable to the matter before us, and we do not address the effect of the revisions have.
[10] CTB argues that the trial court incorrectly concluded that Marion County is a preferred venue. Where, as here, the issue presented is an interpretation of our trial rules, we review the matter de novo. Miller v. Danz , 36 N.E.3d 455, 457 (Ind. 2015), reh'g denied . Trial Rule 75 governs preferred venue in Indiana, and our Supreme Court has explained the role of this rule in determining preferred venue:
Trial Rule 75 governs venue requirements in Indiana. It contains ten subsections, each setting forth criteria establishing "preferred" venue. A case or *188 complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. The rule does not create a priority among the subsections establishing preferred venue. If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.
Am. Family Ins. , 857 N.E.2d at 973-74. Both CTB and the Tunises agree that subsection (4) of Trial Rule 75(A) is the applicable subsection for determining preferred venue in this case. According to subsection (4), preferred venue lies in "the county where ... the principal office of a defendant organization is located ...." (Emphasis added).[1]
[11] In American Family , our Supreme Court defined the term "principal office" for purposes of Trial Rule 75(A)(4) :
The currently effective Rules of Trial Procedure, including Trial Rule 75, were adopted in 1970. At that time Indiana's corporation law required that both foreign and domestic corporations maintain a "principal office in this state" where a designated resident agent for service of process could be found. Ind.Code § 25-204, 25-306 (Burns Code Ed. Repl. 1969). It is that office to which Trial Rule 75 referred by using the same phrase to provide in subsection (4) that preferred venue lies in "the county where ... the principal office of a defendant organization is located." When the Business Corporation Act was adopted in 1986, what had formerly been called the "principal office in this state" was designated the "registered office." I.C. § 23-1-24-1 (2004). This avoided the confusion between "principal place of business," which means the corporate headquarters for purposes of federal diversity jurisdiction under 28 U.S.C. section 1332, and "principal office," which means the place in Indiana where one serves the corporate registered agent. By adopting the term "registered office," the Business Corporation Act did not intend to change the venue rules for foreign corporations. Indeed, foreign corporations qualified to do business under other laws, for example, the Financial Institutions Act, to this day are required to have a "principal office in this state." See, e.g., I.C. § 28-1-22-12. In short, at the time the current Rules of Trial Procedure were proposed, the phrase "principal office" referred to what is currently known as the "registered office" of a foreign corporation qualified to do business in Indiana.
*189 Thus, if a foreign corporation is qualified to do business in Indiana under the Business Corporation Act, it will necessarily have a "principal office in the state"-now called a "registered office"-irrespective of where its corporate headquarters may be. Accordingly, subsection (4) of Trial Rule 75 establishes preferred venue in the county of the defendant organization's registered office.
Id. at 974-75. In sum, a corporation's "principal office" for purposes of Trial Rule 75(A)(4) is the registered office according to Section 23-1-24-1.[2] That statute required corporations to maintain a continuous "registered office" and "registered agent" in Indiana and that the address of the "registered agent" must be the same as the "registered office."
[12] The Tunises argue that CTB has a principal office in Marion County because it designated two process agents there, in compliance with a federal regulation. To support their argument, the Tunises rely on twelve words from the above-quoted passage from American Family : "where a designated resident agent for service of process could be found." Id. at 974. The Tunises take the position that this language means that a corporation that, for any reason, has designated an agent for service of process has a "principal office" in the county where the agent resides. But the relied-upon language must be read in the context of the entire passage, and read in this context, it is clear that this is not the definition of "principal office" but rather language used to explain the relationship between the terms "principal office," as used in Trial Rule 75(A)(4), and "registered office," as used in Indiana's corporation law. In other words, the fact that CTB has designated agents for service of process in Marion County pursuant to a federal regulation is completely irrelevant to the question of venue under Trial Rule 75(A)(4). What matters is the location of the office of the registered agent. Id. at 975 (explaining that "principal office" means "the place in Indiana where one serves the corporate registered agent").
[13] At all times relevant to the case, CTB's registered office and registered agent were located in Kosciusko County. See https://bsd.sos.in.gov/publicbusinesssearch. Therefore, for purposes of Trial Rule 75(A)(4), CTB's principal office is located in Kosciusko County, not Marion County. Accordingly, CTB's motion to transfer venue must be granted.
[14] Reversed and remanded.
May, J., and Altice, J., concur.

Trial Rule 75(A)(4) also states that preferred venue lies in "the county where ... the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint[.]" In their objection to transferring venue, the Tunises argued that CTB had an "agency" in Marion County because it designated two process agents there. Appellant's App. Vol. II p. 33. For good reason, the Tunises did not renew this argument on appeal. This Court has held that "agency" under Trial Rule 75(A)(4) refers to a place of business or a branch office of a business. Hollingsworth v. Key Benefit Adm'rs, Inc. , 658 N.E.2d 653, 656 (Ind. Ct. App. 1995), reh'g denied, trans. denied . Therefore, the appointment of a process agent is insufficient to establish an "agency" under Trial Rule 75(A)(4). And even if the Tunises could prove that CTB had an "agency" in Marion County, they must also show that their claim "relates" to or "arose" out of that agency. Ind. Trial Rule 75(A)(4). It is undisputed that the claim, in this case, relates to and arose out of events occurring in Kosciusko County and Stuart, Iowa. Accordingly, Marion County cannot be a preferred venue under the "agency" portion of the rule.

As already discussed, Section 23-1-24-1 was repealed on January 1, 2018.