

FILED

Aug 28 2018, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mary A. Findling
Findling Park Conyers & Woody, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Karl L. Mulvaney
Nana Quay-Smith
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

David S. Strite
Rachel K. Dalton
O'Bryan, Brown & Toner, PLLC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cynthia Morrison, Individually and on behalf of Ernest Morrison, Deceased, | August 28, 2018 |
| *Appellants-Plaintiffs*, | Court of Appeals Case No. 18A-CT-376 |
| v. | Appeal from the Marion Superior Court |
| Ricardo Vasquez, M.D., and Vascular Center & Vein Clinic of Southern Indiana, | The Honorable David J. Dreyer, Judge |
| *Appellees-Defendants*, | Trial Court Cause No. 49D10-1712-CT-46774 |
| Kevin O'Connor M.D., Fort Wayne Radiology Association, LLC, Amar Pinto M.D., Premier Healthcare, LLC, Mohamed Nassar, M.D., and Indiana University Health Bloomington, | |

Inc. d/b/a Bloomington
Hospital, Inc.,

*Defendants*.

**Brown, Judge.**

[1] In this interlocutory appeal, Cynthia Morrison ("Morrison"), individually and on behalf of Ernest Morrison ("Ernest"), deceased, appeals from the trial court's order that the case be transferred from Marion County to Monroe County. We affirm.

## *Procedural History*

[2] On December 20, 2017, Morrison filed a complaint for medical malpractice in Marion County naming as defendants Dr. Ricardo Vasquez and Vascular Center & Vein Clinic of Southern Indiana (together, "Appellees"), as well as Dr. Kevin O'Connor, Fort Wayne Radiology Association, LLC, Dr. Amar Pinto, Premier Healthcare, LLC, Dr. Mohamed Nassar, and Indiana University Health Bloomington, Inc. d/b/a Bloomington Hospital, Inc., ("Bloomington Hospital").[1] The complaint alleged in part that the care, advice, and treatment

---

[1] According to the Indiana Secretary of State's record for Bloomington Hospital, a copy of which was attached as an exhibit to Morrison's objection to Appellees' motion for change of venue and which is file-stamped January 18, 2018, Bloomington Hospital's registered agent was Mary Beth Clause, Esq., with an address on 10th Street in Indianapolis. The filing also shows a "principal office address" for Bloomington Hospital on Second Street in Bloomington, Indiana. Appellant's Appendix Volume II at 62.

of the defendants fell below the acceptable standard of care, proximately resulting in Ernest's death.

[3] On January 17, 2018, Appellees filed a Motion to Transfer Venue requesting transfer of the case to the Monroe Superior Court pursuant to Ind. Trial Rule 75(A). Appellees argued that Marion County does not meet preferred venue requirements and the greater percentage of defendants reside in Monroe County. They argued in part that Ernest presented to Dr. Vasquez's office in Bloomington in November 2013 and underwent a procedure at Bloomington Hospital in December 2013; Ernest presented to Bedford Hospital on May 27, 2014, where a CT was performed; Dr. O'Connor in Fort Wayne remotely interpreted the CT; Dr. Pinto agreed to consult; Dr. Nassar, the hospitalist at Bloomington Hospital, accepted care of Ernest and Ernest was transferred from Bedford Hospital to Bloomington Hospital on the evening of May 27, 2014; and Ernest expired at Bloomington Hospital on May 28, 2014. Appellees further argued that they, as well as Dr. Pinto and Premier Healthcare, LLC, reside in Monroe County; Dr. Nasser resides in Marion County; Bloomington Hospital is primarily located in Monroe County; and Dr. O'Connor and Fort Wayne Radiology Association, LLC, are located in Allen County, and noting that five of the eight named defendants are located in Monroe County.

[4] On January 18, 2018, Morrison filed an objection to Appellees' motion to transfer venue and argued that Marion County is a county of preferred venue because the registered office and agent of Bloomington Hospital, one of the defendants, are located in Marion County. In support of her objection,

Morrison cited to Trial Rule 75(A)(4) and *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971 (Ind. 2006). On February 19, 2018, the trial court entered an Order Granting Transfer of Venue which ordered that the case be transferred to the Monroe Superior Court pursuant to Trial Rule 75(A). Morrison now brings this interlocutory appeal.

## *Discussion*

The issue is whether the trial court erred in granting Appellees' motion to transfer venue from Marion County to Monroe County. We review factual findings on an appeal from a ruling on a motion for transfer of venue for clear error and review conclusions of law *de novo*. *Arkla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 196 (Ind. Ct. App. 2018) (citing *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006)), *trans. denied*. Where factual determinations are made from a paper record, those determinations are also reviewed *de novo*. *Id.*

Ind. Trial Rule 75(A) allows a case to be filed in any county in Indiana. *Id.* However, the rule also sets forth criteria establishing ten "preferred" venues. *Id.* at 196-197. Trial Rule 75(A) provides in part:

> Preferred venue lies in:
>
> (1)    the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or
>
> * * * * *

(4)    the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint; . . . .

[7] Trial Rule 75(A) does not create a priority among the subsections establishing preferred venue, and there may be multiple preferred venues in a given case. *Arkla Indus.*, 95 N.E.3d at 197. "A motion to transfer venue cannot be granted when an action has been filed in a preferred venue, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon a proper request from a party." *Id*. (citing *Am. Family Ins. Co.*, 857 N.E.2d at 974).

[8] The Indiana Supreme Court has observed that "[p]referred venue is located in counties where information is readily available, where relevant land and personal property can be found, where witnesses can be easily brought to court, and where the litigants reside or hold office" and that litigants "benefit from relative certainty about the preferred forum and from the savings in time and expense that such rules provide." *Randolph Cty. v. Chamness*, 879 N.E.2d 555, 557 (Ind. 2008).

[9] Morrison argues that Marion County is a county of preferred venue under Trial Rule 75(A)(4). She contends that, pursuant to the Indiana Supreme Court's opinion in *Am. Family Ins. Co.*, the registered agent and office of a domestic corporation provide the basis for venue under Rule 75(A)(4), that the address of

Bloomington Hospital's registered agent was an address in Marion County, and thus that Marion County is a county of preferred venue. Morrison also argues that the complaint was filed on December 20, 2017, that venue is determined as of the time the complaint was filed, and that Ind. Code § 23-0.5-4-12,[2] which became effective on January 1, 2018, does not apply to this case.

[10] Appellees maintain that Marion County is not a county of preferred venue. They argue that *Am. Family Ins. Co.* applies only to foreign corporations without a physical office in Indiana. Appellees further maintain that Ind. Code § 23-0.5-4-12 should be applied because they filed their motion to transfer venue after the statute became effective and, alternatively, that it is a procedural and remedial statute which should be applied retroactively. They contend that venue statutes are procedural rather than substantive in nature and that Ind. Code § 23-0.5-4-12 was a legislative response to *Am. Family Ins. Co.*

[11] In reply, Morrison maintains that *Am. Family Ins. Co.*, by its language, applies equally to domestic and foreign corporations and its holding is not limited to corporations without a physical office in Indiana. She further maintains that Ind. Code § 23-0.5-4-12 is ineffective under Trial Rule 75(D) and there is no compelling reason to apply the statute retroactively.

---

[2] Ind. Code § 23-0.5-4-12 (eff. Jan. 1, 2018) provides: "The designation or maintenance in Indiana of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in Indiana. The address of the agent does not determine venue in an action or a proceeding involving the entity."

[12] The parties do not dispute that Monroe County is a county of preferred venue under Trial Rule 75(A)(1). Thus, if Marion County is not a county of preferred venue, the trial court was required to transfer the case to a preferred venue upon request. *See Arkla Indus.*, 95 N.E.3d at 197.

[13] Trial Rule 75(A)(4) provides for preferred venue in "the county where . . . the principal office of a defendant organization is located." In *Am. Family Ins. Co.*, the Indiana Supreme Court addressed preferred venue under Rule 75(A)(4) where the plaintiff filed suit in Marion County against Ford Motor Company, which had no offices in Indiana but maintained a registered office and agent in Marion County. 857 N.E.2d at 972. The Court found that the term "principal office" in Rule 75(A)(4) refers to a domestic or foreign corporation's registered office in Indiana and thus that Marion County was a county of preferred venue. *Id*. Subsequently, in *CTB, Inc. v. Tunis*, the plaintiffs filed suit in Marion County against CTB, Inc., an Indiana corporation with a registered agent and office in Kosciusko County, CTB requested transfer of venue to Kosciusko County, and the trial court denied the request. 95 N.E.3d 185, 186 (Ind. Ct. App. 2018), *trans. denied*. This Court cited *Am. Family Ins. Co.*, noted that CTB's principal office under Rule 75(A)(4) was in Kosciusko County, and found that the court should have transferred the case to Kosciusko County. *Id*. at 189. Our opinion in *CTB* specifically acknowledged that revisions to Indiana's corporation law took effect on January 1, 2018, and that the parties did not argue that the revisions were applicable. *Id*. at 187. We also note that, in *CTB*, the complaint

was filed on May 9, 2017, CTB filed its motion to transfer venue on June 20, 2017, and the court entered its order denying the motion on September 8, 2017.

[14] We observe that, unlike in *Am. Family Ins. Co.*, where defendant Ford Motor Company had no offices in Indiana but maintained a registered office and agent in Marion County, *see Am. Family Ins. Co.*, 857 N.E.2d at 972, the Indiana Secretary of State's record for Bloomington Hospital shows a "principal office address" for Bloomington Hospital on Second Street in Bloomington, Indiana. Appellant's Appendix Volume II at 62. We further observe that, unlike in *CTB*, where defendant CTB was an Indiana corporation based in Kosciusko County and which had a registered agent in that county, *see CTB*, 95 N.E.3d at 186-187, Bloomington Hospital's principal office address, according to its filing with the Indiana Secretary of State, is in Monroe County. Also, unlike in *CTB*, where the trial court made a determination regarding venue well before Ind. Code § 23-0.5-4-12 became effective and the parties did not argue the statute was applicable, in this case Bloomington Hospital filed its motion to transfer venue after the statute became effective, and Appellees argue the statute is applicable. We also note that the greater number of defendants are located in Monroe County, a medical procedure and the decedent's death occurred in Monroe County, medical records and fact witnesses are in Monroe County, and Cynthia Morrison does not live in Marion County.

[15] We find that Ind. Code § 23-0.5-4-12 (eff. Jan. 1, 2018) is applicable in this case. The statute provides in part: "The address of the agent does not determine venue in an action or a proceeding involving the entity." This Court has stated

that the venue status of a county is determined when an action is commenced by the filing of a complaint. *See Painters Dist. Council 91*, 906 N.E.2d at 257 (citing *Shelton v. Wick*, 715 N.E.2d 890, 894 (Ind. Ct. App. 1999), *trans. denied*). Also, statutes generally will not be applied retroactively absent strong and compelling reasons. *Bourbon Mini-Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003). However, an exception to this general rule exists for remedial or procedural statutes. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 385 (Ind. Ct. App. 2017) (citing *Martin v. State*, 774 N.E.2d 43, 44 (Ind. 2002)). Although statutes and rules that are procedural or remedial may be applied retroactively, they are not required to be. *Id*. A remedial statute is intended to cure a defect or mischief that existed in a prior statute and will be applied retroactively to carry out its legislative purpose unless to do so violates a vested right or constitutional guaranty. *Bourbon Mini-Mart*, 783 N.E.2d at 260.

[16]     The provision of Ind. Code § 23-0.5-4-12 related to the determination of venue is procedural in nature. If new legislation changes only a mode of procedure in the law while providing a remedy substantially similar to the existing one and does not violate vested rights, "it will be applied to all cases *pending* and subsequent to its effective date." *Borgman v. State Farm Ins. Co.*, 713 N.E.2d 851, 855 n.1 (Ind. Ct. App. 1999) (emphasis added) (citation omitted), *trans. denied*; *see also Hayden v. State*, 771 N.E.2d 100, 102 (Ind. Ct. App. 2002) ("Procedural, adjective or remedial law is that portion of the law which prescribes the method of enforcing a right or obtaining a redress for the invasion of that right. Substantive law, on the other hand, is that portion of the law

which creates, defines and regulates rights."), *trans. denied*. We further observe that an entry in American Jurisprudence provides in part:

> "Venue" refers to the place of trial or the locality where an action may be properly brought. . . . Venue is not a jurisdictional requirement or substantive right but is *merely a procedural matter* designed for the convenience of the parties, judicial efficiency, and allocating judicial resources. . . .

77 AM. JUR. 2D *Venue* § 1 (footnotes omitted) (emphasis added). Also, an entry titled "Retroactive application of venue statute" provides in part:

> Normally, venue provisions are considered procedural in nature, not substantive, *and courts generally apply them retroactively*. . . . It is the rule in a number of jurisdictions that a statute fixing venue is applicable even *to actions pending on the effective date of the statute*.

77 AM. JUR. 2D *Venue* § 7 (footnotes omitted) (emphases added).

[17]     The provision of Ind. Code § 23-0.5-4-12 related to the determination of venue is procedural. Although the complaint here was filed on December 20, 2017, Ind. Code § 23-0.5-4-12 became effective twelve days later on January 1, 2018, Appellees filed their motion to transfer venue on January 17, 2018, and the court granted the motion on February 19, 2018. Thus, this action was pending, and the court had not yet made a determination regarding venue, as of the date Ind. Code § 23-0.5-4-12 became effective. Morrison has not established that she has been deprived of any substantive right. We conclude that the venue provision of Ind. Code § 23-0.5-4-12 is applicable. *See Capps v. State*, 268 Ind. 614, 618, 377 N.E.2d 1338, 1340 (1978) (finding that the procedural mechanism

in the Indiana criminal rules governing change of venue did not deprive the appellant of a substantive right such as a fair trial before an impartial jury); *Borgman*, 713 N.E.2d at 855-856 (finding, in response to an argument that a bad faith statute should not be applied retroactively, that the statute was procedural and merely set forth the proper forum for certain claims, and also noting the statute simply designated the proper forum for bringing enumerated claims and did not operate to strip the plaintiffs of an established right of recourse"); *see also Gardner v. Gardner*, 43 N.C. App. 678, 681, 260 S.E.2d 116, 118 (1979) ("Generally, a statute fixing venue is applicable even to actions pending on the effective date of the statute.") (citing 77 AM. JUR. 2d *Venue* § 1), *aff'd*.

[18] Further, we do not find Morrison's argument that Ind. Code § 23-0.5-4-12 is ineffective under Trial Rule 75(D) to be persuasive. Trial Rule 75(D) provides in part: "Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective." As explained above, Trial Rule 75(A)(4) provides that preferred venue lies in the county where "the principal office of a defendant organization" is located, and Ind. Code § 23-0.5-4-12 provides that the address of the registered agent does not determine venue. Thus, Ind. Code § 23-0.5-4-12 does not, by its express terms, fix more stringent rules related to venue than the terms of Trial Rule 75(A)(4).

[19] To the extent *Am. Family Ins. Co.* may have determined that the term "principal office" in subsection (4) of the rule referred to a domestic corporation's

"registered office," that determination was premised on Indiana corporation law which has since been considerably amended. Specifically, the Court in *Am. Family Ins. Co.* observed that, at the time Rule 75 was adopted in 1970, Indiana's corporation law required that corporations maintain a "principal office in this state" where an agent for service of process could be found and that, "[w]hen the Business Corporation Act was adopted in 1986, what had formerly been called the 'principal office in this state' was designated the 'registered office.' I.C. § 23-1-24-1 (2004)."[3] 857 N.E.2d at 974-975. The Court expressly found that, "[b]y adopting the term 'registered office,' the Business Corporation Act *did not intend to change the venue rules* for foreign corporations." *Id.* at 975 (emphasis added). Thus *Am. Family Ins. Co.* was based on the corporation law adopted in 1986 and the fact the statutory provisions added by the legislature at that time did not intend to change the venue rules. However, Indiana's corporation law was significantly amended by Pub. Law No. 118-2017 (eff. Jan. 1, 2018). Among other changes, the law

---

[3] Ind. Code § 23-1-24-1 (2004), subsequently repealed, provided:

Each corporation must continuously maintain in Indiana:

(1) a registered office; and

(2) a registered agent, who must be:

(A) an individual who resides in Indiana and whose business office is identical with the registered office;

(B) a domestic corporation or not-for-profit domestic corporation whose business office is identical with the registered office; or

(C) a foreign corporation or not-for-profit foreign corporation authorized to transact business in Indiana whose business office is identical with the registered office.

repealed all of Ind. Code §§ 23-1-24, including Ind. Code § 23-1-24-1 upon which *Am. Family Ins. Co.* depended, and added the new article of Ind. Code §§ 23-0.5 which contains §§ 23-0.5-4 governing the designation and maintenance of registered agents, including Ind. Code § 23-0.5-4-12 which, unlike the provisions adopted in 1986, expressly intends a change to the venue rules.[4] *See* Pub. Law No. 118-2017, § 5 (enacting Ind. Code §§ 23-0.5), § 11 (repealing Ind. Code §§ 23-1-24). Thus the Indiana corporation law upon which *Am. Family Ins. Co.* was centered has been extensively amended, and the specific statutory provision relied upon in that case has been repealed and Ind. Code § 23-0.5-4-12 has been added. We decline to find that Ind. Code § 23-0.5-4-12's provision that the address of a registered agent does not determine venue fixes a more stringent rule related to venue than Trial Rule 75 or is ineffective pursuant to Trial Rule 75(D).

[20]	Pursuant to Ind. Code § 23-0.5-4-12, the address of Bloomington Hospital's registered agent does not determine venue and Marion County is not a county of preferred venue for purposes of Trial Rule 75(A)(4) on that basis. Accordingly, we do not disturb the trial court's order that the case be transferred to the Monroe Superior Court.

---

[4] Ind. Code § 23-0.5-4-12 is modeled after Section 1-414 of the Uniform Business Organizations Code and Section 15 of the Uniform Model Registered Agents Act. *See* Uniform Business Organization Code (Last Amended 2011), § 1-414; Model Registered Agents Act (2006) (Last Amended 2011), § 15. The Comment to Section 15 of the Model Registered Agents Act states in part: "This section makes clear that the address of a registered agent does not determine venue."

## *Conclusion*

For the foregoing reasons, we affirm the trial court's February 19, 2018 Order Granting Transfer of Venue.

Affirmed.

Bailey, J., and Crone, J., concur.