

**FILED**

Nov 07 2018, 8:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

James L. Whitlatch
Kathryn DeWeese
Bloomington, Indiana

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA

Robert J. Palmer
Mishawaka, Indiana

Lucy R. Dollens
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Sara A. Langer
Steven L. Langer
Valparaiso, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS
ASSOCIATION

David L. Farnbauch
Fort Wayne, Indiana

Diana C. Bauer
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana University Health Southern Indiana Physicians, Inc., Sarah Whiteman, NP, and Carlito D. Sabandal, M.D., | November 7, 2018 |
| | Court of Appeals Case No. 18A-CT-1299 |
| *Appellants-Defendants,* | Appeal from the Marion Superior Court |
| Rafi Siddiqi, M.D., Indiana University Health Bedford, Inc., d/b/a Indiana University Health Bedford Hospital, | The Honorable Michael D. Keele, Judge |
| *Defendants,* | Trial Court Cause No. 49D07-1802-CT-7520 |

v.

Charlene Noel,

*Appellee-Plaintiff.*

**Altice, Judge.**

## Case Summary

[1] In February 2018, Charlene Noel filed a medical malpractice complaint in Marion Superior Court against several defendants, including Indiana University Health Southern Indiana Physicians, Inc. (IU Health SIP), Sarah Whiteman, NP, and Carlito Sabandal, M.D. (collectively, Appellants). Appellants filed a motion to transfer venue, alleging that Marion County was not a preferred venue under Ind. Trial Rule 75 and requesting that the case be transferred to Lawrence County. The trial court denied the motion. Appellants appeal from the denial of their motion to transfer venue. Amicus curiae briefs have been filed by Defense Trial Counsel of Indiana (DTCI) and Indiana Trial Lawyers Association (ITLA), aligned with Appellants and Noel, respectively.

[2] The only connection that any of the defendants have to Marion County is the Indianapolis address of the registered agent for IU Heath SIP and Indiana University Health Bedford, Inc., d/b/a Indiana University Health Bedford

Hospital (IU Bedford Hospital) (collectively, IU Health Entities). Based on this connection, Noel contends that Marion County is a preferred venue under T.R. 75(A)(4) and our Supreme Court's interpretation of this rule in *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971 (Ind. 2006) (*American Family*). Appellants, however, direct us to Ind. Code § 23-0.5-4-12 that went into effect January 1, 2018. This statute provides in part: "The address of the [registered] agent does not determine venue in an action or a proceeding involving the entity." Noel responds that the statute is a nullity because it conflicts with T.R. 75(A)(4) as interpreted by the Court in *American Family*.

[3] We affirm.[1]

### Facts & Procedural History

[4] On February 23, 2018, Noel filed her medical malpractice action in Marion Superior Court against IU Bedford Hospital, Rafi Siddiqi, M.D., and Appellants. The alleged malpractice took place at IU Bedford Hospital, which is in Lawrence County. Noel is also a resident of Lawrence County. IU Health Entities share the same registered agent, Mary Beth Claus, located at an address in Marion County. Based on the location of the registered agent of these

---

[1] We held oral argument at Ivy Tech Community College in Indianapolis on October 16, 2018. We thank counsel for their outstanding written and oral advocacy and extend our appreciation to the faculty, staff, and students of Ivy Tech for their exceptional hospitality.

defendants, Noel filed the action in Marion County, asserting that it was a preferred venue pursuant to T.R. 75(A)(4).

[5] On April 23, 2018, Appellants filed, along with their answer, a motion to transfer venue, alleging that Marion County is not a preferred venue in this case. Appellants requested that the case be transferred to Lawrence County. Appellants filed with their motion certified copies of documents from the Indiana Secretary of State's records for the IU Health Entities. These documents confirmed that the registered agent for these entities is Mary Beth Claus at an address in Indianapolis, Indiana. The documents, however, separately provided different addresses for the principal office. In this regard, the document related to IU Bedford Hospital provided an address in Bedford, Indiana, and the one related to IU Health SIP listed an address in Bloomington, Indiana (that is, Lawrence County and Monroe County, respectively). Relying on the newly enacted statute, I.C. § 23-0.5-4-12, Appellants argued that the Marion County address of the IU Health Entities' registered agent does not make Marion County a county of preferred venue.

[6] Noel responded to the motion to transfer venue on May 8, 2018. Relying on Indiana Supreme Court precedent, *American Family*, she argued that the term "principal office", as used in T.R. 75(A)(4), means the county where corporations maintain their resident agent for service of process. Noel argued that the new statute conflicts with T.R. 75, making the statute a nullity. Appellants responded and argued that the two do not conflict and can be read in harmony.

On May 11, 2018, the trial court issued an order summarily denying the motion to transfer venue. Appellants now bring this interlocutory appeal pursuant to Ind. Appellate Rule 14(A)(8).

## Standard of Review

The trial court made no factual findings in its order denying the motion to transfer venue. Accordingly, we review the matter de novo. *See Arkla Indus., Inc. v. Columbia St. Partners, Inc.*, 95 N.E.3d 194, 196 (Ind. Ct. App. 2018), *trans. denied*.

## Discussion & Decision

T.R. 75(A) allows a case to be filed in any county in Indiana. The rule, however, sets forth criteria for establishing preferred venue under ten separate subsections. The rule does not create a priority among the subsections, and there may be multiple preferred venues in a given case. If the action is commenced in a preferred venue, a motion to transfer venue to another preferred venue is not proper and must be denied by the trial court. *Arkla Indus.*, 95 N.E.2d at 197. On the other hand, if the complaint is not filed in a preferred venue, the trial court is required to transfer the case to a preferred venue upon proper request from a party. *Id*.

T.R. 75(A)(4) is the subsection at issue here and provides in relevant part that preferred venue lies in "the county where … the principal office of a defendant

organization is located…." In this case, the parties dispute whether Marion County is the county where the IU Health Entities' principal offices are located.

[11]    In 2006, in the case of *American Family*, 857 N.E.2d 971, the Indiana Supreme Court interpreted and defined the term "principal office" as used in T.R. 75(A).[2] The Court held that "the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana." *American Family*, 857 N.E.2d at 972. The Court observed that the currently effective Indiana Rules of Trial Procedure, including T.R. 75, were adopted in 1970. The Court interpreted the meaning of "principal office" as the term was understood in 1970 and expressly refused to apply the definition of "principal office" from Ind. Code § 23-1-20-19,[3] a statute that was enacted more than fifteen years after the adoption of T.R. 75. The Court explained:

> At the time Indiana's corporation law required that both foreign and domestic corporations maintain a "principal office in this state" where a designated resident agent for service of process could be found. Ind. Code § 25-204, 25-306 (Burns Code Ed. Repl. 1969). It is that office to which Trial Rule 75 referred by using the same phrase to provide in subsection (4) that preferred venue lies in "the county where … the principal office of a defendant organization is located." When the Business

---

[2] The defendant, Ford Motor Company, did not have an office in Indiana but maintained a registered office and agent in Marion County for service of process in the state.

[3] I.C. § 23-1-20-19 defines "principal office" for purposes of the Business Corporation Act as "the office (in or out of Indiana) so designated in the annual or biennial report where the principal executive offices of a domestic or foreign corporation are located."

Corporation Act was adopted in 1986, what had formerly been called the "principal office in this state" was designated the "registered office." I.C. § 23-1-24-1 (2004). This avoided the confusion between "principal place of business," which means the corporate headquarters for purposes of federal diversity jurisdiction under 28 U.S.C. section 1332, and "principal office," which means the place in Indiana where one serves the corporate registered agent. By adopting the term "registered office," the Business Corporation Act did not intend to change the venue rules for foreign corporations. Indeed, foreign corporations qualified to do business under other laws, for example, the Financial Institutions Act, to this day are required to have a "principal office in this state." *See*, *e.g.*, I.C. § 28-1-22-12. In short, at the time the current Rules of Trial Procedure were proposed, the phrase "principal office" referred to what is currently known as the "registered office" of a foreign corporation qualified to do business in Indiana. Thus, if a foreign corporation is qualified to do business in Indiana under the Business Corporation Act, it will necessarily have a "principal office in the state" – now called a "registered office" – irrespective of where its corporate headquarters may be. Accordingly, subsection (4) of Trial Rule 75 establishes preferred venue in the county of the defendant organization's registered office.

*American Family*, 857 N.E.2d at 974-75 (footnotes omitted).

[12] Because the defendant in *American Family* had designated CT Corporation, located in Marion County, as its registered office and agent, the Court concluded that Marion County was the defendant's principal office in the state for venue purposes. *Id*. at 975. Accordingly, the Court determined that the complaint was properly filed in Marion County, a preferred venue, and the trial court erred in transferring the case to another county of preferred venue. *Id.*

[13] The Court's definition of "principal office" was recently applied in *CTB, Inc. v. Tunis*, 95 N.E.3d 185, 189 (Ind. Ct. App. 2018), *trans. denied*. There, the defendant was a domestic corporation with a registered office and agent in Kosciusko County. Relying on *American Family*, this court stated that "principal office" in the context of T.R. 75 is "the registered office according to Section 23-1-24-1." *CTB*, 95 N.E.3d at 189. This statute, which had just been repealed,[4] "required corporations to maintain a continuous 'registered office' and 'registered agent' in Indiana and that the address of the 'registered agent' must be the same as the 'registered office.'" *Id*. at 189. Although CTB had designated agents for service of process in Marion County pursuant to a federal regulation, this court found that fact "completely irrelevant to the question of venue under Trial Rule 75(A)(4)." *Id*. What mattered was the location of the office of CTB's registered agent under Indiana's corporation law. *Id*.

[14] Extensive revisions to Indiana's corporation law took effect on January 1, 2018, with the repeal of numerous statutes and the adoption of new ones. Relevant here is the adoption of I.C. § 23-0.5-4-12, which provides:

> The designation or maintenance in Indiana of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in Indiana. ***The address of the agent does not determine venue in an action or a proceeding involving the entity.***

---

[4] Because neither party had argued that the revisions to Indiana's corporation law were relevant, the court expressly indicated that it would not address the effect of the revisions. *Id*. at 187.

(Emphasis supplied).[5]

[15]    On appeal, Appellants and DTCI argue that Marion County is not a preferred venue in this case and, therefore, the motion to transfer venue to Lawrence County[6] should have been granted by the trial court. First, Appellants argue that *American Family* is not controlling authority in this case because its holding should be limited to foreign companies. Unlike a foreign corporation, as in *American Family*, Appellants observe that a domestic corporation is physically located in Indiana. Thus, according to Appellants, a domestic corporation can have both a principal office and a registered office/agent.

[16]    This argument is a nonstarter and was not raised below. Although *American Family* dealt with a foreign corporation, the Court's analysis and interpretation of T.R. 75(A)(4) was not dependent on whether the corporation was foreign or domestic. In fact, the first sentence of the opinion states: "We hold that the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana." *Id*. at 972. The holding's application to domestic corporations, as well as foreign,

---

[5] As part of the 2018 revisions, the legislature elected to enact a version of the Uniform Law Commission's Model Registered Agents Act, which recognizes the use by many corporations of commercial registered agents with addresses "divorced from any real connection with the business activities of the represented entity." Model Registered Agents Act (amended 2011), prefatory note. I.C. § 23-0.5-4-12 is modeled after Section 15 of the Model Registered Agents Act.

[6] None of the parties disputes that Lawrence County is a county of preferred venue under T.R. 75(A).

could not be more clear. Further, our court has applied the holding in the context of a domestic corporation. *See CTB,* 95 N.E.3d at 189.

[17] Appellant's most compelling argument, which DTCI also asserts, is that I.C. § 23-0.5-4-12 makes the address of a corporation's registered agent irrelevant in determining preferred venue. As set forth above, the statute provides in relevant part: "The address of the agent does not determine venue in an action or a proceeding involving the entity."

[18] In addition to I.C. § 23-0.5-4-12, the newly adopted Uniform Business Organizations Code sets out separate definitions for "registered agent" and "principal office". "Registered agent" is defined as "an agent of an entity which is authorized to receive service of any process, notice, or demand required or permitted by law to be served on the entity. The term includes a commercial registered agent and a noncommercial registered agent." I.C. § 23-0.5-1.5-36. "Principal office" is defined as "the principal executive office of an entity, whether or not the office is located in Indiana."[7] I.C. § 23-0.5-1.5-29. Although foreign and domestic corporations are still required to "designate and maintain a registered agent in this state", I.C. § 23-0.5-4-1, corporations are no longer statutorily required to "maintain in Indiana … [a] registered office", as previously required by I.C. § 23-1-24-1.

---

[7] "Principal office" is similarly defined in I.C. § 23-1-20-19, which was not repealed. *See* footnote 3, *supra*.

Appellants argue that this new statutory scheme recognizes the important distinction between the location of a corporation's principal office and its registered agent, as well as the reality that corporations now often use commercial registered agents that are not otherwise associated with the corporation. Appellants note that the Indiana Secretary of State requires that each biennial report filed by a corporation include both the address of the corporation's principal office and the name and address of its registered agent. According to DTCI, "[t]he Indiana legislature not only eliminated the legal basis for the Supreme Court's ruling in *American Family*, it also affirmatively and unambiguously determined that the location of the resident agent was not a basis for preferred venue." *DTCI Brief* at 7.

In response, Noel and ITLA do not dispute that I.C. § 23-0.5-4-12 is clear and that if it is applicable here, Marion County would not be a county of preferred venue. They argue, however, that the statute is a nullity because it directly conflicts with T.R. 75 as the rule has been interpreted by our Supreme Court.

It is a fundamental rule of law in our state that if a conflict exists between a procedural statute and a rule adopted by the Supreme Court, the rule takes precedence. Ind. Code § 34-8-1-3 provides:

> The supreme court has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana. These rules must be promulgated and take effect under the rules adopted by the supreme court, and thereafter all laws in conflict with the supreme court's rules have no further force or effect.

*See also Humbert v. Smith*, 664 N.E.2d 356, 357 (Ind. 1996) (generally when a statute conflicts with the Court's rules, the statute is null and void; the Court, however, decided to "assent to provisions the General Assembly has placed in the paternity statute, treating them as an exception to the requirements of Rule 803(6)"); *Bowyer v. Ind. Dep't of Nat. Res.*, 798 N.E.2d 912, 917 (Ind. Ct. App. 2003) ("When a statute conflicts with the Indiana rules of trial procedure, the rules of procedure govern, and phrases in statutes which are contrary to the rules of procedure are considered a nullity.") (quoting *Jackson v. City of Jeffersonville*, 771 N.E.2d 703, 706 (Ind. Ct. App. 2002), *trans. denied*). Direct conflict is not required. Rather,

> [t]he rule and the statute need only be incompatible to the extent that both could not apply in a given situation. A procedural statute may not operate as an exception to a procedural rule having general application. A procedural statute that does not conflict with any of the trial rules may be held operative. However, any statute conflicting with procedural rules enacted by our supreme court shall have no force or effect.

*Id.* (citations omitted).

[22] In this same vein, T.R. 75(D) provides:

> **Other venue statutes superseded by this rule.** Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule, and the provisions of any statute fixing more stringent rules thereon shall be ineffective. No statute or rule fixing the place of trial shall be deemed a requirement of jurisdiction.

[23] Appellants and DTCI argue that there is no conflict between I.C. § 23-0.5-4-12 and T.R. 75 and that the statute does not fix more stringent rules regarding venue than T.R. 75(A). They observe that the plain language of T.R. 75(A)(4) makes no mention of the phrase "registered office," only "principal office." They assert that the location of the registered office became relevant in the context of T.R. 75(A)(4) only after *American Family*'s interpretation of the phrase "principal office" based on a statute (I.C. § 23-1-24-1) that no longer exists. According to Appellants, the new statute "merely provides guidance on the interpretation of what is *not* a 'principal office' for purposes of T.R.75 (A)(4)." *Appellants' Brief* at 15 (emphasis in original). That is, contrary to *American Family*, the address of the registered agent does not establish preferred venue.[8]

[24] Another panel of this court recently determined that I.C. § 23-0.5-4-12 is not ineffective under T.R. 75(D). *Morrison v. Vasquez*, 107 N.E.3d 1103, 1109-10 (Ind. Ct. App. 2018) (rehearing denied October 22, 2018). The court stated:

> Trial Rule 75(A)(4) provides that preferred venue lies in the county where "the principal office of a defendant organization" is located, and Ind. Code § 23-0.5-4-12 provides that the address of the registered agent does not determine venue. Thus, Ind. Code § 23-0.5-4-12 does not, by its express terms, fix more

---

[8] In determining the "principal office" in the context of T.R. 75, Appellants would have courts look to the statutory definitions of "principal office." *See* I.C. § 23-0.5-1.5-29 ("the principal executive office of an entity, whether or not the office is located in Indiana"); *see also* I.C. § 23-1-20-19 (similar definition application of which *American Family* expressly rejected).

stringent rules related to venue than the terms of Trial Rule 75(A)(4).

*Id*. at 1109  The court observed that the holding in *American Family* was "premised on Indiana corporation law which has since been considerably amended." *Id*.  The *Morrison* court explained:

> Specifically, the Court in [*American Family*] observed that, at the time Rule 75 was adopted in 1970, Indiana's corporation law required that corporations maintain a "principal office in this state" where an agent for service of process could be found and that, "[w]hen the Business Corporation Act was adopted in 1986, what had formerly been called the 'principal office in this state' was designated the 'registered office.' I.C. § 23-1-24-1 (2004)." 857 N.E.2d at 974-975.  The Court expressly found that, "[b]y adopting the term 'registered office,' the Business Corporation Act *did not intend to change the venue rules* for foreign corporations." *Id*. at 975 (emphasis added).  Thus [*American Family*] was based on the corporation law adopted in 1986 and the fact the statutory provisions added by the legislature at that time did not intend to change the venue rules.  However, Indiana's corporation law was significantly amended by Pub. Law No. 118-2017 (eff. Jan. 1, 2018).  Among other changes, the law repealed all of Ind. Code §§ 23-1-24, including Ind. Code § 23-1-24-1 upon which [*American Family*] depended, and added the new article of Ind. Code §§ 23-0.5 which contains §§ 23-0.5-4 governing the designation and maintenance of registered agents, including Ind. Code § 23-0.5-4-12 which, unlike the provisions adopted in 1986, expressly intends a change to the venue rules. *See* Pub. Law No. 118-2017, § 5 (enacting Ind. Code §§ 23-0.5), § 11 (repealing Ind. Code §§ 23-1-24).  Thus the Indiana corporation law upon which [*American Family*] was centered has been extensively amended, and the specific statutory provision relied upon in that case has been repealed and Ind. Code § 23-0.5-4-12 has been added.  We decline to find that Ind. Code § 23-

> 0.5-4-12's provision that the address of a registered agent does not determine venue fixes a more stringent rule related to venue than Trial Rule 75 or is ineffective pursuant to Trial Rule 75(D).

*Id.* at 1109-10 (footnotes omitted). We cannot agree with our colleagues' determination regarding the effectiveness of the statute.

[25] I.C. § 23-0.5-4-12 clearly conflicts with T.R. 75(A)(4) as the rule has been interpreted by our Supreme Court.[9] As set forth above, in *American Family*, the Court was concerned with the meaning of "principal office" as it was understood at the time T.R. 75 was adopted in 1970. The Court determined that this phrase, as used in the rule, referred to "the place in Indiana where one serves the corporate registered agent." *American Family*, 857 N.E.2d at 975. In light of the 1986 amendments to our state's corporation law, the Court determined that this place was now statutorily referred to as "registered office" rather than "principal office". Despite the changed nomenclature, the Court stayed true to the original meaning of the term "principal office" in the rule.

[26] Indiana corporation law has been substantially amended once again and in apparent recognition of the use of commercial registered agents, corporations are no longer required to maintain a "registered office" in the state, as previously mandated by I.C. § 23-1-24-1 (now repealed). Corporations,

---

[9] The Comment to Section 15 of the Model Registered Agents Act, after which I.C. § 23-0.5-4-12 is based, warns: "This section may be inconsistent with other law or procedural rules in a state, and thus existing law on venue should be reviewed when this act is considered for adoption in a state."

however, must "designate and maintain a registered agent in this state". I.C. § 23-0.5-4-1(a). "Registered agent" is statutorily defined as "an agent of an entity which is authorized to receive service of any process, notice, or demand required or permitted by law to be served on the entity. The term includes a commercial registered agent and a noncommercial registered agent." I.C. § 23-0.5-1.5-36. Thus, although the statutes have changed, a corporation still must have a registered agent in Indiana authorized to receive service of process. The address of the corporation's registered agent more closely comports with the meaning of "principal office" as the term was understood in 1970 than the current statutory definitions of "principal office," one of which was expressly rejected in *American Family*.

[27] We reiterate that the Supreme Court has the "authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana." I.C. § 34-8-1-3. Laws in conflict with rules promulgated by the Court "have no further force or effect." *Id*. Further, procedural rules adopted by the Court are regularly interpreted by the Court, and these cases also "take precedence over any conflicting statutes." *Augustine v. First Fed. Sav. & Loan Ass'n of Gary*, 384 N.E.2d 1018, 1020 (Ind. 1979) ("The procedural rules and cases decided by this Court take precedence over any conflicting statutes"). We hold that I.C. § 23-0.5-4-12 conflicts with T.R. 75(A)(4) as interpreted by the Indiana Supreme Court and that the statute is, therefore, a nullity.

[28] *American Family* remains controlling law in Indiana. If the Indiana corporate community is dissatisfied with the Court's interpretation of the rule, recourse

lies with the Indiana Supreme Court Committee on Rules of Practice and Procedure,[10] not the legislature. *See* Ind. Trial Rule 80 (establishing the committee and setting forth procedures for amending Indiana Rules of Court).

[29] Affirmed.

Bradford, J. and Tavitas, J., concur.

---

[10] Appellants and DTCI observe that registered agents are now commonly business entities with no connection to the corporation other than accepting service of process. We acknowledge the tenuous connection that often exists today, but such does not allow us to invade the exclusive province of our Supreme Court and tinker with T.R. 75(A)(4). Further, it is well established that convenience alone is not a sufficient reason to transfer venue in Indiana. *See Lake Holiday Conservancy v. Davidson*, 808 N.E.2d 119, 124 (Ind. Ct. App. 2004) ("Any complaint about the equity … of Rule 75(A)(5) must be directed to the Supreme Court Committee on Rules of Practice and Procedure…. We will not impose a strained construction upon a clear rule in order to reach what Lake Holiday believes is the more reasonable result."); *see also Meridian Mut. Ins. Co. v. Harter*, 671 N.E.2d 861, 864 (Ind. 1996) ("The balance of convenience…is not sufficient to disturb the plaintiffs' selection of a forum that meets preferred venue requirements.").