## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 25 2019, 10:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gabriel A. Hawkins
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christopher L. Lafuse
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Victor Schroeder, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Christina G. Bell and Auto Owners Insurance Company, <br> *Appellees-Defendants* | July 25, 2019 <br><br> Court of Appeals Case No. <br> 19A-CT-636 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marc T. Rothenberg, Judge <br><br> Trial Court Cause No. <br> 49D07-1901-CT-3379 |

**Altice, Judge.**

### Case Summary

[1]   This lawsuit arose from a motor vehicle accident between Victor Schroeder and Christina Bell in Dubois County. Schroeder filed suit in Marion County against both Bell and Auto-Owners Insurance Company (AOIC). Thereafter,

pursuant to Indiana Trial Rule 75, Bell filed a motion for change of venue from Marion County to Dubois County, arguing that the former is not a county of preferred venue in this case. The trial court granted the motion.

[2] On appeal, Schroeder contends, as he did below, that Marion County is a county of preferred venue because AOIC's registered agent is located there. Our Supreme Court has just held otherwise in *Morrison v. Vasquez*, No. 19S-CT-382 (June 27, 2019). Thus, the trial court properly granted the motion for change of venue and ordered the case transferred to Dubois County.

[3] We affirm and remand.

## Facts & Procedural History

[4] On January 24, 2019, Schroeder filed his complaint against Bell and AOIC. He asserted a negligence claim against Bell and an underinsured motorist claim against AOIC, as well as a declaratory judgment claim to determine the value of AOIC's subrogation claim. The parties do not dispute that AOIC is a foreign corporation with its registered agent located in Marion County. Nor do the parties dispute that the motor vehicle accident giving rise to the complaint occurred in Dubois County. Schroeder filed the complaint in Marion County "because AOIC's registered agent is located in Marion County." *Appellant's Brief* at 5.

[5] On February 25, 2019, Bell filed a motion for change of venue, seeking transfer of the case to Dubois County. In her motion, Bell argued that, unlike Dubois

County, Marion County was not a preferred venue because the location of a corporation's registered agent no longer determines venue. Schroeder opposed the motion and argued that AOIC was a foreign corporation and that the location of its registered agent in Indiana established preferred venue in Marion County. On March 14, 2019, the trial court granted Bell's motion and transferred the case to Dubois County. Schroeder now brings this interlocutory appeal pursuant to Indiana Appellate Rule 14(A)(8).

## Discussion & Decision

[6] In the last year, following the promulgation of new business corporation statutes[1] that went into effect on January 1, 2018, the law became unsettled regarding whether the location of a corporation's registered agent still established preferred venue under T.R. 75(A)(4). *See Ind. Univ. Health S. Ind. Physicians, Inc. v. Noel*, 114 N.E.3d 479 (Ind. Ct. App. 2018) (holding that location of defendant corporation's registered agent was a preferred venue under T.R. 75(A)(4)), *trans. granted*; *Morrison v. Vasquez*, 107 N.E.3d 1103 (Ind. Ct. App. 2018) (holding that address of defendant corporation's registered agent did not determine preferred venue), *trans. granted*.

---

[1] Most notably, Ind. Code § 23-0.5-4-12 provides: "The designation or maintenance in Indiana of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in Indiana. The address of the agent does not determine venue in an action or a proceeding involving the entity."

[7] In a consolidated opinion issued on June 27, 2019, the Indiana Supreme Court "clear[ed] up the confusion." *Morrison*, slip op. at 3. The holding of the majority of the Court could not be clearer:

> We hold that a domestic organization's actual principal office and not the location of its registered agent is the appropriate preferred venue. Further, we hold that in light of new business corporation statutes that define "principal office" and provide that the registered agent's location does not determine venue, *the location of the registered agent no longer determines preferred venue for either domestic or foreign corporations.* We affirm the trial court in *Morrison* and reverse the trial court in *Noel* and remand both for further proceedings.

*Id*. at 8 (emphasis supplied).

[8] In the case at hand, Marion County – the location of AOIC's registered agent – does not determine preferred venue. Accordingly, we affirm the trial court's grant of Bell's motion for change of venue and remand for transfer of the case to Dubois County.[2]

[9] Affirmed and remanded.

Kirsch, J. and Vaidik, C.J., concur.

---

[2] In passing, Schroeder asserts that Bell failed to present evidence in favor of her motion for change of venue. Schroeder did not make this argument to the trial court, likely because the facts were never in dispute and the issue presented to the trial court was purely a legal one.